## WILSON H. STUBBINGS

*v.*

## PETTRUELLA DURHAM *et al.*

*Opinion filed June 23, 1904.*

1. PLEADINGS—*what may be alleged in answer to bill for specific performance.* An allegation in an answer to a cross-bill for specific performance that the only consideration for the agreement was the restitution to defendant of property which cross-complainant had wrongfully withheld from her when acting as her agent presents a good defense, and to sustain exceptions thereto is error.

2. SPECIFIC PERFORMANCE—*to defeat specific performance.* Upon a bill for specific performance any circumstance may be shown, although independent of the writing sought to be enforced, making it inequitable to enforce the same.

3. RES JUDICATA—*when judgment is not res judicata.* A judgment is not an estoppel or bar to matters arising out of the action where it has been reversed by a court of review.

4. SAME—*verdict not confirmed by judgment is not res judicata.* A proceeding in court resulting in a verdict does not constitute estoppel or *res judicata* while a motion for new trial is pending and undetermined.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

J. F. SNYDER, for appellant.

HOPKINS, DOLPH, PEFFERS & HOPKINS, (HOLMES & FOGLE, of counsel,) for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellee Pettruella Durham filed her bill in chancery in the circuit court of Cook county, in which she averred that she was the owner in fee of certain real estate in the bill described, and recited the sources of her title; that the appellant had executed, and caused to be recorded in the records pertaining to real estate in the recorder's office in the said county of Cook, certain instruments in writing, in which he stated that he claimed and was entitled to certain specified liens on a portion of the real estate in the bill described, and that he was the owner in fee of an undivided one-fourth interest in other of the parcels of such real estate, and that the appellee Pettruella Durham held title in said undivided interest in trust for him, and warned all persons to take notice of his alleged rights, liens and interests therein. The bill denied that the appellant had any claim or lien against any of the property, or any right, title or interest in any of the same; averred that the instruments so placed on the records by him constituted clouds on her title; that she had requested and demanded that he should remove such clouds and that he had neglected and refused so to do, and that, though requested to do so, he had refused and failed to institute actions at law or suits in equity to test the validity of his alleged claims, rights and interests in and to the said real estate or any parcel thereof; that the instruments which he had placed on the public records depreciated the value of her property and hindered and prevented her from making sales of the same. The bill prayed for a decree setting aside and canceling of record, as void, each of said instruments so placed of record by the appellant.

The appellant filed his answer to the bill, in which he alleged, in substance, that in 1898 he was the owner of the real estate described in the recorded notices and in the bill of complaints; that on the 7th day of December,

1898, a decree was entered in the superior court of Cook county against him, and in favor of the appellee Pettruella Durham, in the sum of $164,919.14; that he had conveyed the title to the real estate to Stephen W. Rawson and the Union Trust Company, but had equities and rights remaining therein; that appellee Pettruella, through her husband, the appellee William W. Durham, sought to obtain the title to said real estate to be transferred to said Pettruella in settlement of said decree debt against the appellant; that an agreement was concluded and reduced to writing, and signed by appellee Pettruella by William W. Durham, her attorney in fact, and by appellant, in which it was agreed that said appellant should not perfect an appeal from the decree entered against him, in favor of the said Pettruella, for said sum of $164,919.14, and should cause the title to said real estate before that by him conveyed to said Rawson and the trust company, and various other tracts and parcels, to be conveyed by Rawson and the trust company, who were holding such title, to said Pettruella, in consideration of which the said Pettruella should convey to the appellant an undivided one-fourth interest in certain specified parcels of said real estate and title in fee to other specified parcels, and should pay to him the sum of $5000; that the agreement further provided that said Pettruella, who was then in California, should, on her return, execute proper deeds conveying to appellant the said undivided one-fourth interest in certain of said real estate and the title in fee to other portions, and that the said appellant should have possession of a farm in DuPage county, known as the Glen Ellyn or Dodge farm, owned by the said Pettruella, until said Pettruella should execute said conveyances. The answer further averred that in pursuance of said agreement said appellant prepared and forwarded to said Pettruella deeds for the conveyance to him of the premises herein last above mentioned, with other property; that said deeds were returned to appel-

lant unsigned and unexecuted; that thereupon the appellant executed and placed of record the declarations sought to be removed as clouds on the title to the premises. The answer further alleged that the appellant instituted a "suit in assumpsit in the circuit court of DuPage county, Illinois, against the complainant herein and her attorney in fact, William W. Durham, to recover damages for the breach of said contract by the complainant herein and her attorney in fact, William W. Durham;" that service was had upon William W. Durham only; that at the December term, 1902, of said DuPage circuit court the cause was submitted for trial, on the issues joined, before the court and a jury; that a verdict was returned in favor of appellant and against William W. Durham, attorney in fact for said Pettruella, in the sum of $54,-143.25, and that judgment was entered on the verdict; that William W. Durham is insolvent; that by reason of the written contract before mentioned, the prayer of the bill of said Pettruella for the cancellation of said declarations or notices as clouds on her title should be denied.

Appellant also filed a cross-bill, which contained the same allegations as the answer, and in addition thereto averred that he was induced by said William W. Durham to allow him to retain the alleged written agreement in order that the said Durham might copy the same; that said William W. Durham has since then kept said written agreement, and has refused, although requested, to give to the appellant the original or a copy thereof, and that both William W. Durham and said Pettruella now deny any such agreement was ever entered into or ever existed; that said William W. Durham, in part performance of the said agreement to pay appellant $5000, has paid the sum of $225. The prayer of the cross-bill was that said appellees, the Durhams, be compelled, by decree of court, specifically to perform said written agreement with cross-complainant, and to pay cross-complainant the remainder of said sum of $5000, with interest from

210—35

July 31, 1900, and to execute proper conveyances of said described premises, being the premises mentioned in said written agreement, and that cross-complainant may be held in the possession of the rents, issues and profits thereof, according to the tenor and effect of said written agreement.

Appellee Wilhelmina Johnson, mother of the appellee Pettruella, was in possession of one parcel of the real estate in question, and was made a party defendant for that reason.

The appellees filed a replication to the answer to the original bill, denying the averments of the answer and re-affirming the allegations of the original bill, and also filed a joint answer to the cross-bill. The answer to the cross-bill re-asserted what had already been stated in the original bill filed by the appellee Pettruella, and averred that Stubbings had no interest, of any kind or character, in the property, and that the statements of interest filed by him were without any basis or foundation whatever; admitted that Pettruella Durham obtained the decree against appellant for $164,919.14, referred to in the cross-bill; denied that Stubbings, at that time, held the fee simple title to all the premises in the bill of complaint described; denied that any settlement was negotiated by Durham with Stubbings for a settlement of the decree, or that Durham desired Stubbings to obtain from Rawson conveyances, etc.; denied that Durham agreed that if Stubbings would assist in obtaining from Rawson a conveyance, etc., and if Stubbings would waive his right to appeal from the decree rendered against him, Durham would pay him $5000 and that Pettruella Durham would convey to him one-half of all the property obtained from Rawson, etc.; denied that Durham negotiated with Stubbings for a settlement; denied that on the 31st day of July, 1900, or at any other time, an agreement was made or reduced to writing with Stubbings, affecting the property in controversy; admitted that at various times Dur-

ham, yielding to the importunities of Stubbings, has given him money purely as a matter of charity, but denied that such gifts were in the nature of payments upon any contract; denied that either William W. Durham or Pettruella Durham owes the said Stubbings anything, but that the said Stubbings is greatly indebted to them by reason of his fraudulent manipulations of money belonging to Pettruella Durham. The answer further averred· that Pettruella Durham was the daughter of Peter Johnson, who died in 1872, leaving a large estate, owning immense tracts of pine land in northern Michigan and Wisconsin, valuable real estate in Chicago and vicinity, besides stocks in banks and other corporations; that the heirship was such and subsequent arrangements were so made that Pettruella Durham (then Johnson) was entitled to a two-fifths interest in his vast estate; that at the time of her father's death she was a minor, and at that time appellant was a young man between twenty-two and twenty-three years of age, with no means of deriving his living except by daily labor as a painter; that he became a boarder in the Johnson family, and learning of the immense wealth of her father, immediately sought to obtain, and in fact obtained, the confidence of the members of the family; that he subsequently married Mrs. Durham's sister and acted virtually as the guardian and trusted agent of Mrs. Durham, and was given full control of the vast property belonging to her father's estate; that among the properties were 9250 acres of land in Wisconsin from which appellant secured over $200,000, 1240 acres of pine lands in Michigan from which appellant secured $75,000, a farm in Will county from which he realized $8000; that he disposed of certain bank and gas stock, for which he realized in excess of $40,000, and that he obtained large sums of money from other sources belonging to said estate; that although said Stubbings had collected in cash from said estate moneys belonging to appellee Mrs. Durham amounting to over $200,000, yet

all that she has ever been able to obtain from him (and that by force) is property to the amount of about $60,000; that in 1891 she filed her bill in the superior court of Cook county, Illinois, asking that an accounting be made by Stubbings as her agent and trustee; that as the result of that proceeding and hearing therein, the court entered the judgment against Stubbings which is set forth in his cross-bill; that during the pendency of said accounting, and the proceedings thereunder, Stubbings conveyed away and secreted all of his property, and when said decree was entered had no property in his own hands of any kind or character, and Mrs. Durham was compelled to file a creditor's bill in the superior court of Cook county, Illinois; that in that creditor's bill such proceedings were had as that David J. Kennedy was appointed receiver, and Kennedy was directed to take possession of all books, papers and property of Stubbings; that in May, 1899, the receiver went to the residence of the cross-complainant and took possession of the books and papers, finding some secreted under hay in the barn, some in out-buildings and others in rooms occupied by cross-complainant; that with the evidence thus obtained, a small portion of the property in the estate fraudulently obtained and converted by Stubbings to his own use while acting as the agent and trustee of Mrs. Durham was recovered; that thereupon a *capais* was issued and Stubbings was placed in the county jail pending the satisfaction of the decree and judgment which had been obtained against him, and that the property now held by Mrs. Durham was the property, or proceeds of the property, obtained by these proceedings against Stubbings.

The appellant excepted to all of the allegations of the answer to his cross-bill having reference to his alleged wrongdoings and fraudulent transactions as agent and trustee for said Pettruella Durham in the management and control of the property which descended to her as the heir of Peter Johnson, deceased, and also the

allegation having reference to alleged fraudulent conveyances of property by the appellant in order to hinder and delay the collection of the money decree obtained against him by the appellee Pettruella. The exceptions were sustained and the allegations of the answer to the bill against which they were directed were ordered expunged from the answer. Replication was not filed to the answer. The cause was heard by the chancellor in open court, and a decree was entered dismissing the cross-bill of appellant and granting the relief prayed for in the original bill. This is an appeal to reverse the decree.

The court was in error in sustaining the exceptions to the answer of the appellees. It appeared from the allegations to which the exceptions were filed, that if the statements of the allegations were true, as they must be taken to be as against the exceptions, the only consideration for the alleged agreement, the specific performance whereof was sought by the appellant, was the restitution to the appellee Pettruella by the appellant of a portion of the property and of money which he had wrongfully obtained and withheld from her while acting as her trustee or agent. Such an agreement will not be specifically enforced in a court of equity. It is not sufficient to justify a decree awarding specific performance that a legal contract has been entered into. In order to warrant a decree of a court of equity compelling specific performance, the contract which is to be so enforced must be based on a good consideration, be reasonable, just and equitable, entered into in open, fair and honorable dealing, without oppression, unconscionable or unreasonable advantage, and under such circumstances as that it would be unjust and against good conscience to refuse to compel the specific performance thereof. (*Lear* v. *Chouteau*, 23 Ill. 37; *Stone* v. *Pratt*, 25 id. 16; *Mitchell* v. *King*, 77 id. 462; *Bowman* v. *Cunningham*, 78 id. 48; *Hatch* v. *Kizer*, 140 id. 583; *Farson* v. *Fogg*, 205 id. 326; 26 Am. &

Eng. Ency. of Law,—2d ed.—68.) It is competent to show any circumstance *dehors*, independently of the writing sought to be enforced, making it inequitable to enforce the same. (*Tryce* v. *Dittus*, 199 Ill. 189.) The averments ordered to be stricken from the answer presented a good ground of defense to the prayer for specific performance.

Appellant failed, on the hearing, to sustain his contention, which constituted at the same time the ground of defense relied on in his answer and the basis of his claim for a decree under the cross-bill, namely, that a written contract had been entered into between himself and the appellee Pettruella, by her attorney in fact, by the terms whereof he became entitled to the liens, the interest and the title in and to the different parcels of the real estate in controversy which he claimed in the instrument of writing which he had caused to be recorded. The replication to the original bill and the answer to the cross-bill denied that any such agreement had ever been made. It became incumbent on the appellant to prove, by a preponderance of the evidence, that the contract had been executed. No attempt was made to produce the original of said supposed contract or to explain the absence thereof, or to produce proof that the same had been entered into. It is insisted by the appellant that the existence of the contract was sufficiently established by the adjudications in two prior actions at law, or that the appellee Pettruella was at least to be deemed estopped thereby to deny the execution of the alleged contract. One of these actions was the suit in assumpsit instituted by the appellant against both appellees Durham in DuPage county, in which a verdict and judgment was entered against the appellee William W. Durham. If the contention of the appellant be conceded that this action was upon the written contract or that the existence of that contract was in issue in that suit, and if it be further conceded that the appellee Pettruella Durham would be bound or estopped by

an adjudication in that cause against William W. Durham only, still the chancellor properly concluded there was no *res judicata* or estoppel arising out of said action, for the reason it was proven that the judgment entered in that case was brought into review in the Appellate Court by writ of error, that error was confessed in the Appellate Court, and that the judgment was reversed by that court.   Therefore nothing was finally adjudicated by the verdict and judgment which was entered in the circuit court of DuPage county in said cause, and there was neither a bar nor an estoppel created thereby. (24 Am. & Eng. Ency. of Law,—2d ed.—812.)

It was proven that the appellee Pettruella Durham instituted an action of forcible detainer in the DeKalb county county court against the appellant to recover possession of the tract of land known as the Glen Ellyn farm, and that the cause was tried before a jury and a verdict of not guilty returned.   If it should be conceded that the question of the execution of the alleged written contract was in issue in that cause and was actually litigated and submitted to the jury for decision, yet the appellees would not be thereby estopped to deny that any such contract was ever executed; nor would the proceedings in that court constitute an adjudication of the question of the execution of that contract or estop appellees to deny the execution thereof, for the reason a motion for a new trial was interposed upon the coming in of the verdict, and such motion was shown to be still pending and undetermined. A verdict not confirmed by judgment does not constitute estoppel or *res judicata. Rudolph* v. *German Mutual Fire Ins. Co.* 71 Ill. 190; *Wadsworth* v. *Connell*, 104 id. 369; 24 Am. & Eng. Ency. of Law, (2d ed.) 792, 793.

The decree will be affirmed.        *Decree affirmed.*