WILSON H. STUBBINGS, JR., *et al.* Plaintiffs in Error, *vs.* WILSON H. STUBBINGS, SR., *et al.* Defendants in Error.

*Opinion filed February 25, 1911.*

1. TRUSTS—*when trust, if any is intended, is an express trust.* Where a wife voluntarily conveys her lands to her husband by deeds of conveyance absolute in form, and subject to no limitation, other than her oral statement at the time the deeds were made that she was making the deeds to enable her husband to manage her business for her, the trust, if any is created, is an express one, and, as against a plea of the Statute of Frauds, is non-enforceable.

2. SAME—*a trustee cannot, after divesting himself of all interest, impress a trust upon the property.* A trustee having divested himself of all interest in property by an absolute conveyance can not thereafter convert the person taking under the conveyance into a trustee by his written or oral declarations, or by admitting the trust in his answer to a bill filed by the alleged beneficiaries to establish the trust.

3. SAME—*facts must be clearly proved to authorize court to declare a trust upon oral testimony.* To authorize the court to impress a trust upon property upon oral testimony it is essential, even though the Statute of Frauds be not pleaded, that the facts be established by clear and convincing proof, and unless the testimony is of that character the court is justified in denying the relief.

4. SAME—*when trust cannot be declared in favor of heirs.* A wife may, if she sees fit, give all of her property to her husband, and if she does so, the mere facts that she made the deeds to him without consideration, and that he was unsuccessful in his management of the property and transferred the same in settlement of a decree against him, do not entitle the wife to have a trust declared against the property in the hands of the transferee, nor, in case of her death, can a trust be declared in favor of her heirs.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

ARBA N. WATERMAN, for plaintiffs in error.

HOPKINS, PEFFERS & HOPKINS, for defendants in error William W. Durham, individually and as administrator, Frank J. Durham, Anna A. Durham and Fred A. Dolph.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the plaintiffs in error, Wilson H. Stubbings, Jr., and Ruth V. Stubbings, a minor, by Anna Johnson, her next friend, in the circuit court of Cook county, against Wilson H. Stubbings, Sr., Pettruella Durham, William W. Durham, Fred A. Dolph, George A. Follansbee, Wilhelmina Johnson, and other defendants, which bill was twice amended, to impress a trust in favor of the complainants upon certain real estate described in the bill, the legal title to which stood in the names of the defendants, or some of them, and for an accounting, and that certain conveyances in said bill of complaint mentioned be declared void and removed as clouds upon the complainants' title. After the filing of the bill Pettruella Durham died and her death was suggested upon the record, and William W. Durham, her administrator, and her children, Anna A. Durham and Frank J. Durham, were made parties defendant in her stead. Answers and replications were filed and a trial was had before the court and a decree was entered dismissing the bill for want of equity, and the complainants have sued out a writ of error to reverse the decree of the circuit court.

It appears from the pleadings and proofs that Peter Johnson, the grandfather of complainants, departed this life, intestate, in Chicago, on the third day of April, 1872, leaving him surviving Wilhelmina Johnson, his widow, and Anna A. Johnson, Pettruella Johnson and Frank J. Johnson, his children and sole heirs-at-law, all of said children being minors at the time of their father's death; that Frank J. Johnson departed this life, intestate and unmarried, on the 12th day of September, 1882, leaving him surviving his mother, Wilhelmina Johnson, and his sisters, Anna A. and Pettruella Johnson; that Peter Johnson, at the time of his death, left a large estate, consisting of personal property of the value of $50,000 and real estate in

Illinois and in the States of Michigan and Wisconsin; that at the time of the death of Peter Johnson the defendant Wilson H. Stubbings, Sr., was a young man without property or business experience, working at the painters' trade in the city of Chicago; that he had done some work for Peter Johnson, and soon after Johnson's death commenced making his home with Mrs. Johnson and her daughters, and soon had so far ingratiated himself into their confidence that he had obtained control of the Johnson estate; that in the course of time he married Anna A., the eldest daughter, and the complainants, Wilson H. Stubbings, Jr., and Ruth V. Stubbings, and another child who died during infancy, were the fruits of their marriage; that within a few years of the marriage of Wilson H. Stubbings, Sr., and Anna A. Johnson, Stubbings had obtained deeds from Mrs. Johnson and her daughters to substantially all the real estate of which Peter Johnson died seized and was selling the same and re-investing the proceeds as he saw fit; that the daughter Pettruella Johnson married the defendant William W. Durham, and after the marriage she filed a bill against Wilson H. Stubbings, Sr., for an accounting, in the superior court of Cook county, and obtained a decree in 1898 against him for $164,919.14; that she afterwards filed a creditor's bill against said Wilson H. Stubbings, Sr., based upon the said decree, and in compromise and settlement of said decree Wilson H. Stubbings, Sr., conveyed to Pettruella Durham all the real estate which he then had, and which was the property, or the proceeds thereof, which he received title to from Mrs. Johnson and his wife, Anna A., and Mrs. Durham. Shortly after Mrs. Durham had received title to said real estate from Wilson H. Stubbings, Sr., he attempted to cloud her title to said property by filing in the recorder's office in Cook county certain affidavits which stated that while Pettruella Durham was the holder of the legal title to said real estate he was the owner, in equity, of the undivided one-half thereof,

whereupon Mrs. Durham filed a bill in chancery in the circuit court of Cook county to remove said affidavits from the land records of said county as clouds upon her title. Wilson H. Stubbings, Sr., answered the bill and averred he was the owner of a one-half part of said real estate, and he also filed a cross-bill in which he set up the same state of facts as was averred in his answer, and asked for affirmative relief. The cross-bill was answered and replications were filed, and upon a hearing the cross-bill was dismissed and the relief prayed for in the original bill was granted, which decree was affirmed by this court. (*Stubbings* v. *Durham,* 210 Ill. 542.) The decree in that case was affirmed in this court on June 23, 1904. The bill in this case was filed in the name of the children of Wilson H. Stubbings, Sr., on September 15, 1904, the object of the bill being to have it established and decreed that Wilson H. Stubbings, Sr., held the property which he had conveyed to Mrs. Durham in settlement of the decree which she had obtained against him, in trust for his wife, Anna A., and she having died intestate in 1883, complainants inherited said trust estate from their mother, and that at the time of the filing of this bill he held said real estate in trust for the complainants.

In the answer filed in this case Wilson H. Stubbings, Sr., admitted he held the lands described in the bill in trust for his wife, Anna A., during her lifetime, and that since her death he had held said lands in trust for the complainants, as her heirs. He testified before the court, upon the trial, that at the time the lands which belonged to Peter Johnson at the time of his death were conveyed to him, he purchased the interest of Wilhelmina Johnson and Pettruella Johnson therein and paid for the same, but that his wife, Anna A., conveyed to him her interest therein without consideration and to enable him to manage the same for her benefit, and that he held her interest therein in trust and not as owner. One E. P. Barnett also testified that in

1882 he was a clerk in the office of George S. Willetts, a lawyer in the city of Chicago, and was present on several occasions when deeds were executed and delivered by Wilhelmina Johnson, Anna A. Stubbings and Pettruella Johnson to Wilson H. Stubbings, Sr.; that while he understood that Mrs. Johnson and Pettruella Johnson were selling and conveying their interests in said lands to Wilson H. Stubbings, Sr., Mrs. Stubbings in each instance stated that she was conveying the interest in the lands to her husband so that he could manage her property for her, and that Mr. Willetts challenged his attention to that fact and asked him to remember it; that although more than twenty years had elapsed between the time of the execution of the deeds and when he gave his testimony, he remembered the transaction and what was said, and his memory was so good upon the subject that he was able to repeat the exact words that were used by the parties upon that occasion. Mr. Fred M. Williams, the notary public before whom the acknowledgments of some of the deeds to Wilson H. Stubbings, Sr., from his wife were taken, testified that she acknowledged the execution of the deeds, but stated at the time she was conveying her interest in the real estate so that he could manage the property for her.

The bill avers that the complainants' mother, Anna A. Stubbings, "was inexperienced in business affairs; that she considered the father [Wilson H. Stubbings] of your orators to be an honest and good business man, capable of looking after her interest and property and of managing the same; that the mother of your orators was a housewife, engaged in her household and wifely duties, looking after her household affairs and her children, of which she had three; that all of the management of the business of said Anna A. Stubbings, the mother of your orators, as well as the business of the said Pettruella Johnson, (now Pettruella Durham,) devolved upon said Wilson H. Stubbings, Sr., by the mutual consent of said Anna A. Stubbings

and said Pettruella Johnson, (now Pettruella Durham;) that by reason of the conditions aforesaid said Anna A. Stubbings, the mother of your orators, turned over to said Wilson H. Stubbings, Sr., all of her personal property, and gave to said Wilson H. Stubbings the control and management therof, and conveyed to said Wilson H. Stubbings all of the real estate of which said Anna A. Stubbings was seized, which she derived from the estate of the said Peter Johnson, deceased, and permitted said Wilson H. Stubbings to sell and convey the same, and to handle the proceeds derived from such sales and re-invest such proceeds in other real estate; that although the several conveyances from said Anna A. Stubbings, the mother of your orators, to said Wilson H. Stubbings, Sr., the father of your orators, appeared to be absolute on their face, said Wilson H. Stubbings, Sr., in taking the title to such real estate and selling the same and in re-investing the proceeds thereof, was only acting as the agent and trustee of said Anna A. Stubbings, and that at the time of the death of said Anna A. Stubbings all of the real estate held by said Wilson H. Stubbings, Sr., was real estate formerly owned by Anna A. Stubbings, the mother of your orators."

It is clear from the averments of the bill and from the testimony of the witnesses that there was no fraud practiced upon Anna A. Stubbings to induce her to convey the real estate which she inherited from her father to her husband, Wilson H. Stubbings, Sr., but the averments of the bill and the evidence show that she voluntarily conveyed the same to her husband by deeds of conveyance absolute in form and subject to no limitation other than this: that the evidence tends to show that she stated at the time she made such conveyances that she did so to enable her husband to manage her business for her. The effect of these conveyances was therefore to absolutely invest Wilson H. Stubbings, Sr., with the title to said lands, and if any trust was intended to be created therein it was an express trust,

which would fall within the Statute of Frauds and be non-enforceable unless such trust was evidenced by writing. Section 9 of that statute, which was pleaded in this case, reads as follows: "All declarations or creations of trusts or confidences of any lands, tenements or hereditaments, shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or by his last will in writing; or else they shall be utterly void and of no effect: *Provided,* that resulting trusts or trusts created by construction, implication or operation of law, need not be in writing, and the same may be proved by parol." In *Scott* v. *Harris,* 113 Ill. 447, a husband conveyed certain lands to his wife upon the express trust to enable her the better to preserve and manage his estate, and it was held the trust fell within the Statute of Frauds, and that as the trust was not evidenced by writing it was non-enforceable, the statute having been pleaded. To the same effect are *Stevenson* v. *Crapnell,* 114 Ill. 19, *Johnston* v. *Johnston,* 138 id. 385, and *Ryder* v. *Ryder,* 244 id. 297.

It is said, however, that Wilson H. Stubbings, Sr., in his answer filed in this case admitted the trust, and that his answer was sufficient to satisfy the statute. The rule thus contended for can have no application here, as Wilson H. Stubbings, Sr., had divested himself of all interest in these lands some years before his answer was filed in this case, and the law is well settled that a trustee having once divested himself of all interest in the trust property by an absolute conveyance, it is no longer competent for him, either by parol or by written declaration, to convert a party taking under such conveyance into a trustee. (*Phillips* v. *South Park Comrs.* 119 Ill. 626; Browne on the Statute of Frauds, sec. 106.) In the *Phillips case,* on page 640, it was said: "It is contended that a deposition of Sweeney, taken eighteen years after he had conveyed the property by an absolute deed to Wright, may be regarded as proof in writing to establish the trust. After Sweeney had divested

himself of all interest in the property by the execution of an absolute deed, any subsequent declaration that he might make could not affect the title."

We are of the opinion that the trust testified to by Wilson H. Stubbings, Sr., and the witnesses E. P. Barnett and Fred M. Williams, was, if any trust, an express trust, and that the trust, not being evidenced by writing, falls within the Statute of Frauds and is non-enforceable. From a careful examination of this record we are of the opinion, however, that no trust, not even an express trust, has been established by competent and reliable evidence, and had the Statute of Frauds not been pleaded, the chancellor would not have been justified in entering a decree in accordance with the prayer of the bill. The testimony of Wilson H. Stubbings, Sr., is so inconsistent with the attitude assumed by him in the case of *Stubbings* v. *Durham, supra,* as to greatly impair the weight of his evidence, if not to discredit it. The chancellor saw and heard him testify, and the record shows the chancellor entirely disregarded his evidence. The evidence of the other witnesses, we think, falls far short of that clear and convincing proof which would justify a court of equity in divesting the heirs of Pettruella Durham of the title to the lands of which she died seized. In *Reeve* v. *Strawn,* 14 Ill. 94, at page 100, it is said: "Before we transfer the title to real estate upon the strength of parol testimony alone, the facts upon which such change is asked should be so convincing as to leave no reasonable doubt in the mind of the court."

It is undoubtedly true that Anna A. Stubbings conveyed her interest in her father's estate to her husband without consideration. She, doubtless, at that time had confidence in her husband's integrity and ability and was willing to entrust him with the estate. The fact that he was afterwards unsuccessful in handling the property will not justify a court of equity, without any proof upon which to base a decree, in reclaiming, by its decree, the estate for the

benefit of the children of Anna A. Stubbings. She had the undoubted right to give her interest in her father's estate to her husband if she saw fit, and if she did give him such interest, as the undisputed evidence shows she did, he had the right to transfer what remained of it to Mrs. Durham to reimburse her for her interest in her father's estate which he had squandered. If Anna A. Stubbings was living she could not recover her portion of her father's estate in the hands of her sister's heirs, and she being dead, her heirs have no greater rights than she would have were she living.

We have not deemed it necessary to consider the question of the competency of the testimony of Wilson H. Stubbings, Sr.

Finding no reversible error in this record the decree of the circuit court will be affirmed.          *Decree affirmed.*