SHERMAN DODGE *et al.* Appellees, *vs.* ROBERT L. THOMAS
*et al.* Appellants.

*Opinion filed February 16, 1916.*

1. RES JUDICATA—*a reversed decree cannot be pleaded as res judicata.* Where a decree granting the relief on a bill to establish a trust in land and dismissing for want of equity a cross-bill to establish the title of the cross-complainants is reversed by the Supreme Court with directions to dismiss the original bill, the whole decree is set aside and annulled, and it cannot thereafter be pleaded as *res judicata* in defense of a suit by the cross-complainants.

2. APPEALS AND ERRORS—*when freehold is not involved.* Where a decree granting relief on an original bill to establish title to land and dismissing the cross-bill for want of equity is reversed by the Supreme Court with directions to dismiss the original bill, a subsequent decree dismissing the original bill after denying leave to amend the cross-bill does not involve a freehold.

APPEAL from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding.

KAGY & VANDERVORT, for appellants.

CHARLES H. HOLT, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This suit was originally brought by appellee Sherman Dodge filing a bill in chancery in the circuit court of Marion county, alleging that his wife, recently deceased, held the legal title to certain real estate in the village of Sandoval but that he had furnished the consideration for the purchase of the property and the title was taken in his wife to hold in trust for him, the equitable owner thereof. A part of the property involved was what is called the hotel property. After the death of Mrs. Dodge two of her children made deeds to Robert L. Thomas and Lease Ruddick, purporting to convey to the grantees whatever interest the grantors had in the property. Thomas and Ruddick were made defend-

ants to the bill filed by Sherman Dodge. They answered the original bill and filed a cross-bill, setting up their claim of interest in the property and asking that they be decreed to be the owners of the undivided interests of their grantors in said property and that the same be partitioned. Upon a hearing of the cause a decree was entered by the circuit court granting the relief prayed in the original bill and dismissing the cross-bill for want of equity. On appeal from that decree to this court the decree of the circuit court was reversed and the cause remanded to that court, with directions to dismiss the original bill, so far as it concerned the hotel property, for want of equity. (*Dodge* v. *Thomas,* 266 Ill. 76.) The original suit involved other property beside the hotel property, but none of it is concerned in this case and need not be referred to. Upon the cause being re-instated in the circuit court, cross-complainants, Thomas and Ruddick, filed a motion for leave to amend their cross-bill to ask for an accounting by Sherman Dodge for rents collected for the hotel property after the death of his wife. The chancellor being of opinion that under the order and mandate of this court he could consider nothing further than the directions to dismiss the original bill and that he had no jurisdiction to proceed under the cross-bill, which had been dismissed by the original decree of the circuit court, denied leave to amend the cross-bill and refused to proceed under it and entered a decree dismissing the original bill. This appeal is prosecuted from that decree on the ground that a freehold is involved.

In support of the jurisdiction of this court to entertain the appeal appellants argue that the original decree of the circuit court was an adjudication that cross-complainants had no interest in the property and were entitled to no relief under the cross-bill, and that the dismissal of the original bill after remandment of the case, without any order or proceeding under the cross-bill, leaves the rights of the cross-complainants as adjudicated by the original decree,

272 — 6

and said decree could be pleaded as *res judicata* in any other proceeding brought by Thomas and Ruddick. We think this a misapprehension. The entire decree of the circuit court was reversed by the judgment of this court. The reversal was not merely of that part of the decree finding the original complainant was the equitable owner of and entitled to the property, but also of that part of the · decree dismissing the cross-bill for want of equity. The whole decree affecting this property was reversed and every adjudication made in and by it was set aside, annulled and thereafter stood for naught, and it could not afterwards be pleaded in bar as an adjudication against any of the parties to it. The decree, therefore, from which this appeal is prosecuted did not involve a freehold and this court has no jurisdiction to entertain it.

The cause is transferred to the Appellate Court for the Fourth District.

*Cause transferred.*