(No. 11018.—Decree affirmed.)

CLARA AMALIA MELDAHL, *vs.* ALICE ELINE T. WEST *et al.*—(CLARA AMALIA MELDAHL *et al.* Appellants, *vs.* C. EDGAR WALLACE, Appellee.)

*Opinion filed October 23, 1917.*

1. JURISDICTION—*when parties are bound by the decision of the Supreme Court.* Parties who, as trustees and individually, submit themselves to the jurisdiction of a proper court in Illinois for the purpose of repudiating the trust and asking for partition, are bound by the decree and by the judgment of the Supreme Court reversing the same, and upon the re-docketing of the case they cannot re-litigate questions decided by the Supreme Court in construing the trust deed and settling the rights of the parties.

2. SAME—*the court first acquiring jurisdiction will retain it.* Where the superior or circuit court of Cook county properly acquires jurisdiction of a proceeding to have a trust created by deed declared void and the property partitioned and enters a decree which is reversed by the Supreme Court, upon the re-docketing of the cause in obedience to the remanding order the trial court will retain jurisdiction, and the parties cannot seek another forum for the purpose of re-litigating the questions decided against them.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

ADOLPH L. BENNER, and CHARLES E. POPE, (E. K. SMITH, of counsel,) for appellants.

JAMES D. WALLACE, WILLIAM H. GRUVER, MORSE
IVES, and WILLIAM KARR STEELE, for appellee.·

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This appeal is prosecuted by Clara Amalia Meldahl and
Alice Eline T. West, in their individual capacity and also
as trustees under a certain deed of trust executed by Eline
T. Johnson, hereinafter referred to, respectively, as appel-
lants and trustees. The superior court of Cook county ren-
dered a decree, and therein found and decreed that said
appellants were each entitled to an undivided five-twelfths
of the real estate described in said trust deed and to one-
third, each, of the personal property, and that C. Edgar
Wallace, appellee, was entitled to an undivided one-sixth of
said real estate and to an undivided one-third of said per-
sonal property. It appointed three commissioners to make
partition of the real estate and ordered that said trustees
make conveyances of said real estate, and that in the event
they should not do so within the time allotted by the court,
the master in chancery of the court was directed to make
conveyances thereof to the said parties decreed to be the
owners thereof. Partition was ordered and decreed of the
personal property and that said trustees make assignments
and transfers thereof to the said parties of their respective
shares, and in the event of their failure so to do that said
master in chancery make said assignments and transfers.

This case was before this court on a former appeal.
The opinion in that case (*Meldahl v. Wallace,* 270 Ill.
220,) is referred to for a statement and understanding of
the case as it was then presented for decision on that ap-
peal. It is here now on the same record, and in addition
thereto on the further record of the superior court in the
final decision of the case according to the decision of this
court. In order to give a clear understanding of the exact
situation and the proceedings before the superior court we
will further add that the controversy between these parties

was inaugurated by Clara Amalia Meldahl filing in the superior court, on the day of her mother's death, her bill for partition of said lands, making her said sister and C. Edgar Wallace parties thereto, and in which she renounced the said trust deed by alleging that it was void because testamentary in character and not properly witnessed, and asserted that the title to all the property described in the said trust deed was in herself and her said sister and that they inherited the same by descent from their said mother, the grantor in said trust deed, and further alleged that the appellee, C. Edgar Wallace, claimed some interest in said property but as a matter of fact had no interest whatever therein; that she had frequently applied to her sister, Alice Eline T. West, for partition and division of said property between appellants but that her said sister refused to join in any just and equitable division thereof or to join in a sale thereof.    C. Edgar Wallace filed an answer to said bill and also a cross-bill, in which he alleged, among other things, that he was entitled to a one-sixth interest in the real estate, without stating whether he was entitled to the same as an heir or as a purchaser under said deed, and made all of said appellants, including the trustees and other parties, parties to his cross-bill.    Demurrers of appellants to said cross-bill were overruled.    Similar demurrers of the trustees to the cross-bill were overruled.    Clara Amalia Meldahl, appellant and as trustee, elected to stand by her demurrers, individually and as trustee, to said cross-bill. Mrs. West filed an answer to said cross-bill, in which she denied, among other things, that appellee, C. Edgar Wallace, had any right, title or interest in the said real estate, individually or otherwise, and also denied that the said Eline T. Johnson knowingly executed the said trust deed aforesaid, and also alleged, in substance, that she was incompetent, mentally, to execute said deed at the time it was executed and that it is therefore void.    She also denied that she at any time accepted the trust alleged to be

confided in her and her sister by said deed of trust, and denied that she had repudiated and refused to carry out her duties as trustee, for the reason that no such duties had been imposed upon her. The said trustees also filed their several answers to the bill of complaint and amendment thereto of Clara Amalia Meldahl, in which they averred that they do not know whether their said grantor executed the said trust deed or not but demand strict proof thereof, and further expressly averred that if it is a valid instrument, Olga Theresa Wallace in her lifetime never became the owner of any of the property in said trust deed mentioned nor of any interest therein, and expressly deny that appellee, C. Edgar Wallace, has any interest therein, and they further aver that they, as individuals, are the entire owners of all the property in said trust deed named. Issues were taken by the filing of formal replications to all of said answers, and the pleadings with reference to the real estate have remained in the same condition up to this appeal. It is to be further noted, as set forth in *Meldahl* v. *Wallace, supra,* that C. Edgar Wallace filed his bill in the circuit court of Cook county for the partition of the personal property mentioned in the said trust deed; that it was transferred for a hearing to the superior court of Cook county, and that answers were filed thereto and cross-bills thereto, and answers to said cross-bills, and issues were joined as set forth in said former opinion of this court, and that all of the issues in reference to the ownership of the personal property and the real estate were consolidated and tried together. It is to be further noted that the said trustees filed their demurrer in the superior court to the original bill of C. Edgar Wallace for the partition of the personal property and also to his cross-bill of complaint to said bill, as administrator of the estate of his deceased wife. Appellants, as individuals, also filed their demurrers to said bill and cross-bill. The demurrers to the cross-bill were overruled, and the court sustained the demurrers of the ap-

pellants to the original bill of C. Edgar Wallace, and he elected to stand by his said bill.

The situation of appellants at the time this case was pending on appeal in this court when the case was here before was, that they had repudiated the trust in the trust deed set forth and had denied its validity, and had denied that appellee, C. Edgar Wallace, had any interest whatever in the property conveyed by said trust deed. Mrs. Meldahl had voluntarily submitted herself to the jurisdiction of the superior court, had alleged in her said bill that she and her sister were unable to agree to any equal or equitable division of said real estate, and had asked the court to take jurisdiction of her person and of the subject matter of the suit and to decree partition of the said real estate between her and her said sister. Her sister had appeared and submitted to the jurisdiction of the court and had assented to the proposition that they were unable to agree to said partition and set forth her claims therein. They were not in a position then, and have not been since, to deny that the superior court had jurisdiction to make partition of the property mentioned in the trust deed. The trust deed itself expressly gave them the right to apply to any court of competent jurisdiction and to have a commissioner or commissioners appointed to make partition of said property in the event the trustees could not agree on a proper partition thereof. This court on the former appeal held that Eline T. Johnson by said trust deed conveyed all of said property, both real and personal, to Clara Amalia Meldahl, Alice Eline T. West and Olga Theresa Wallace, trustees, and the survivor or survivors of them, and vested in them the legal title to said lands in trust for the uses and purposes mentioned in said deed, and that the sole duty imposed on the trustees by the deed was to divide the estate upon the death of the said grantor according to the limitations of the said deed. This court further held that the remainders after the life estate of the grantor conveyed by the said deed

were contingent and not vested remainders, and that the persons to take the remainders were to be ascertained at the termination of the life estate; that C. Edgar Wallace is not entitled to one-third of the personal estate as heir of Olga Theresa Wallace but was entitled to one-third thereof by purchase, and that he was entitled to an undivided one-sixth of said real estate as purchaser; that Clara Amalia Meldahl, Alice Eline T. West and the appellee, C. Edgar Wallace, at the time of the death of the said grantor were invested with their said interests in the said property as purchasers, by virtue of said deed. The court therefore reversed the former decree of the superior court, which held that the deed conveyed vested remainders in the real estate to the three daughters, and that appellee, C. Edgar Wallace, was entitled to said personal property as an heir of his wife, Olga Theresa Wallace, and which sustained the cross-bill of Wallace, as administrator of the estate of his deceased wife, by which he claimed the said property as said administrator. This court accordingly further held that the lower court erred in sustaining the demurrers to the bill of complaint of Wallace, in which he claimed the said personal property in his individual capacity, and remanded the cause to the superior court for further proceedings.

After the remanding order of this court was filed in the superior court reversing, annulling and setting aside the former decree of the superior court, with directions to overrule the demurrers to the amended bill of C. Edgar Wallace, the cause was re-docketed in the lower court, the demurrers of appellants and of the said trustees to said bill were overruled by the court and they were all ruled to further plead or answer said bill. The trustees under said deed failed and refused to further plead or answer to the said bill of complaint as ruled by the court, and they were accordingly defaulted, and it was ordered that the bill be taken as confessed against them. The appellants, as indi-

viduals, each filed pleas to the bill and answers, and also
what they termed a cross-bill or a supplemental answer to
the bill of complaint, in each and all of which they chal-
lenged the jurisdiction of the superior court to take further
cognizance of the case and to make partition of any of the
property mentioned in said trust deed.   As a plea to the
jurisdiction of the superior court they alleged, in substance,
that by the trust deed it was provided that they, as trustees,
should upon the death of said grantor divide all of said
property, both real and personal, equally between themselves
and Olga T. Wallace and convey the same when such divi-
sion had been agreed upon; that in case they could not agree
upon a division they might apply to some court of compe-
tent jurisdiction to appoint a commissioner or commission-
ers to make such equitable division.   They further averred
that they, as surviving trustees, had at all times been, and
are still, unable to agree upon such division, and that no
division of the property has been made; that said property
is susceptible of being equally and equitably divided into
three shares by dividing all the property, both real and per-
sonal, but that said real estate is not susceptible of such divi-
sion when considered alone; that they, as said trustees
and successors in trust, have applied to the district court
of the United States for the northern district of Illinois to
appoint a commissioner pursuant to the terms of the said
trust deed to effect an equitable division of said property.
They also averred in what they termed a cross-bill in the
nature of a supplemental answer that they have never re-
pudiated or refused to carry out their duties as trustees un-
der said deed but have only sought to ascertain their duties
and a construction of said deed; that on the 10th of March,
1916, the said Alice Eline T. West, as such trustee, began
a proceeding in the circuit court of Walworth county, State
of Wisconsin, against Clara A. Meldahl, trustee; that in
and by said proceeding she asked to have appointed a com-
missioner under the terms of said deed to effect an equi-

table division of all of said property; that by the judg-
ment and order of said court a commissioner was appointed
for such purpose; that said commissioner accepted the ap-
pointment and under the order and direction of the said
court made a division of all of the said property into three
shares; that the report of the commissioner was approved
by that court and that the said judgment and order are in
full force and effect; that one of the directions and orders
of that court is that said commissioner is authorized and
directed to take all necessary steps to ascertain who is
entitled "to the share so meant for Olga T. Wallace." It
was further charged in the said cross-bill and in the said
pleas that the said C. Edgar Wallace had no interest in
any of the property mentioned in the said trust deed and
has no right to a partition of the personal property; that
appellants each own one of said divided shares and that
they jointly own the other share as allotted by said com-
missioner. They further allege that the bill of complaint
of the said Wallace is without equity and should be dis-
missed at his costs; that it should be decreed that one of
said shares of the property belongs to each one of the ap-
pellants and that they are joint owners of the other share.
It was also alleged that the superior court had no jurisdic-
tion to make partition of said property, and that by the
terms of said deed the said trustees had the sole right to
make such partition, and in case they could not do so, to
call on any court of competent jurisdiction to make said
partition through a commissioner or commissioners.

   None of the foregoing matters stated any defense what-
ever to the original bill of appellee, C. Edgar Wallace, and
the superior court properly held that they were insufficient
pleas or answers. The effect of those pleas and answers
was a mere attempt to challenge the correctness of this
court's decision in this case on the former appeal and to
re-litigate the questions then decided by this court. On the
re-docketing of the cause in the lower court that court and

the parties to this record were legally bound by all matters that were decided by this court on the former appeal. This court construed the trust deed and its legal effect upon the parties and expressly declared the rights of the parties to this appeal in the property mentioned in said deed at the death of the grantor. The cause was remanded for the purpose of allowing the defendants to make any further defense they might have against appellee, C. Edgar Wallace, as to his bill to which demurrers had been overruled, and not for the purpose of re-litigating the questions decided in this court or for the purpose of challenging the jurisdiction of the superior court to permit further proper pleas or answers to be filed to appellee's original bill and to finally settle the legitimate issues of the case. Having once submitted to the jurisdiction of the superior court and having made allegations by their pleadings in that court of their inability to make an equitable division of said property, and having asked for a partition of the real estate by reason of their inability to divide it, they have no right or power to now challenge the jurisdiction of the court because they were disappointed in the result of the suit. By their attempted repudiation of their trust under the trust deed they forfeited all right, as trustees, to make the division of the property and conveyance thereof under the terms of the trust deed, which was the only duty imposed upon them as such trustees. After having asked for partition in the superior court they had no right or power to submit the question of division and partition to any other court. The superior court having first obtained jurisdiction, the United States district court and the circuit court of Walworth county, Wisconsin, obtained no jurisdiction as against the superior court of Cook county by reason of the proceedings instituted in those courts by the trustees.

It is argued that the trustees have never been parties to any proceedings in this court; that this court has never had jurisdiction over them, and that their rights cannot be

prejudiced by the former decision of this court, as they were not in court. It is sufficient to say that it was their privilege to have been in court and to have assigned errors if they had desired to do so. The trustees were parties in the court below and the decree was jointly against them and appellants, therefore the effect of the former appeal and reversal of the decree by this court in favor of appellee was to reverse the whole decree as to all the parties jointly interested therein. 3 Corpus Juris, 1007; *Dodge* v. *Thomas,* 272 Ill. 80; *Tompkins* v. *Wiltberger,* 56 id. 385.

It is true, as argued by appellants, that it was the duty and right of the trustees to divide the subject matter of this suit, as provided by said trust deed. That duty was given to the trustees named in the trust deed and to the survivors of them. By the same instrument, also, in case they could not agree on a division they had a right to apply to any court of competent jurisdiction to make the division. It was their right to choose their forum under the conditions named. They did select their forum, the same being the superior court of Cook county. That court got complete jurisdiction, and the first jurisdiction, of the parties and of the subject matter, and no other court can oust it of that jurisdiction by any further election of the trustees.

The court having properly held that the pleas and answers of the appellants and of the trustees were insufficient and constituted no defense whatever, the court properly declined to hear any evidence under them. There is no reason urged by appellants or the trustees for the reversing of the decree of the superior court that can be sustained by any law or precedent, and the decree of that court is therefore affirmed.

*Decree affirmed.*