DON MEEKER, Plaintiff-Appellant, *v.* TOMMY PAYNE *et al.*, Defendants-Appellees.—(THOMAS GRAY *et al.*, Defendants.)

Fifth District    No. 80-395

Opinion filed November 2, 1981.—Rehearing denied December 1, 1981.

Brent D. Holmes, of Harlan Heller, Ltd., of Mattoon, for appellant.

Elmer Jenkins, of Benton, for appellees.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

The plaintiff, Don Meeker, appeals from an order dismissing his complaint against defendants, Tommy Payne, Ray Everett Odom and Vera Odom, and from a subsequent order denying his motion for leave to amend his complaint.

The plaintiff's pleadings allege the following facts. On March 14, 1971, in order to settle a pending lawsuit brought by the plaintiff, defendant Tommy Payne agreed to sell to plaintiff certain real estate located in Franklin County. The next day, both parties entered into a stipulation concerning the agreement in open court, and the trial court dismissed the case. A few days later, Mr. Payne refused to honor the agreement and tore up the written contract upon which it was based. On April 29, 1971, plaintiff filed an affidavit with the recorder of deeds of Franklin County setting forth the above facts, attaching a copy of the written contract, and indicating an intention to bring suit on the contract.

On August 6, 1971, Mr. Payne filed suit to quiet title. Plaintiff responded by filing a counterclaim for specific performance of the contract. These proceedings were designated as case No. 71-CH-13. Later that month, while the case was still pending, Mr. Payne contracted to sell the real estate to Thomas Gray. On October 28, 1971, the trial court in case No. 71-CH-13 ruled in Mr. Payne's favor on his complaint to quiet title and against Mr. Meeker on his counterclaim for specific performance. On November 24, 1971, Mr. Payne conveyed the surface of the real estate to Mr. Gray who, in turn, made a conveyance to Ray Everett Odom and Vera Fay Odom the same day. In November of 1971, the Odoms executed and recorded a mortgage in favor of Federal Land Bank of St. Louis.

In *Payne v. Meeker* (1973), 10 Ill. App. 3d 986, 295 N.E.2d 239, filed March 29, 1973, this court entered judgment reversing the trial court's decision in case No. 71-CH-13 and directed that Mr. Meeker's counterclaim for specific performance regarding the surface of the realty be granted. The trial court so ordered on March 29, 1974.

Subsequently, on August 9, 1974, the Odoms executed and recorded a mortgage in favor of Farmers Home Administration of the United States Department of Agriculture. On February 14, 1975, Vera Fay Odom conveyed her interest in the realty to Ray Everett Odom.

On September 4, 1980, plaintiff instituted the present lawsuit which sought equitable relief from all the above named parties who purported to have conveyed or acquired an interest in the property. The defendants, Mr. Payne and the Odoms, filed a motion to dismiss the plaintiff's complaint, alleging, *inter alia*, that: (1) the trial court's judgment in case

No. 71-CH-13 barred the present action against Mr. Payne under the doctrine of res judicata; and (2) plaintiff's failure to stay the proceedings, as provided for in Supreme Court Rule 305(i) (Ill. Rev. Stat. 1979, ch. 110A, par. 305(i)), precluded him from attacking the Odoms' interest in the property. The trial court entered an order on September 19, 1979, dismissing the present complaint against Payne and the Odoms with prejudice to the plaintiff. On October 17, 1979, plaintiff filed a motion for leave to amend his complaint which the trial court denied on the ground that its dismissal order of September 19 was a final and appealable order.

■■ On appeal, the plaintiff first contends that the trial court erred in ordering the present cause dismissed as to Mr. Payne under the doctrine of res judicata. We agree. The trial court's order specifically adopted defendant's argument in the motion to dismiss which states that the trial court's decision in case No. 71-CH-13 bars the present action against Payne. This is erroneous because the original ruling in case No. 71-CH-13 was reversed by this court in *Payne v. Meeker.* Since the judgment of the trial court had been reversed, it was a nullity and could not afterwards be pleaded in bar as an adjudication. *(Dodge v. Thomas* (1916), 272 Ill. 80, 111 N.E. 601; *Stubbings v. Durham* (1904), 210 Ill. 542, 71 N.E. 586.) Therefore, the trial court's order dismissing plaintiff's complaint against defendant Payne must be reversed.

■■ The plaintiff next urges that the trial court incorrectly ruled that Illinois Supreme Court Rule 305(i) (Ill. Rev. Stat. 1979, ch. 110A, par. 305(i)) precluded him from proceeding against the Odoms. We agree.

Supreme Court Rule 305(i) provides in pertinent part as follows:

> "If a stay is not perfected within 30 days of the entry of the judgment appealed from, or within any extension of time granted under subparagraph (a)(2) of this rule, the reversal or modification of the judgment does not effect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed * * *." (Ill. Rev. Stat. 1979, ch. 110A, par. 305(i).)

It is established that in the original suit between Payne and Meeker, which is the basis of the present case, the judgment was entered on November 8, 1971, and that the deed from Payne to Gray and the deed from Gray to Odom were recorded on November 24, 1971. Further, it appears that a post-trial motion was filed December 6, 1971, and denied by the trial court on January 21, 1972. Notice of appeal was filed February 14, 1972. Therefore, it cannot be said that the Odoms acquired title to the real estate in question after the judgment became final; and, as a consequence, Supreme Court Rule 305(i) is not applicable.

■■ Moreover, we observe that there was no evidence before the trial

court in the instant case that Mr. and Mrs. Odom were not nominees of a party to the first proceeding. An appeal will not be held to be moot under Supreme Court Rule 305(i) in the absence of proof in the record that the parties claiming the benefit of Rule 305(i) were not parties to the litigation or acting as nominees for parties to the litigation. (*Arnold v. Leahy Home Building Co.* (1981), 95 Ill. App. 3d 501, 420 N.E.2d 699; *Avondale Savings and Loan Association v. Amalgamated Trust and Savings Bank* (1979), 78 Ill. App. 3d 244, 397 N.E.2d 121; *Glen Ellyn Savings and Loan Association v. State Bank of Geneva* (1978), 65 Ill. App. 3d 916, 382 N.E.2d 1267.) Therefore, without some showing that the Odoms were not acting solely as nominees of a party to the first suit, the trial court erred in dismissing the complaint on the grounds that Supreme Court Rule 305(i) precluded plaintiff from seeking specific performance against defendants other than defendant Payne.

■■ The last issue raised by the plaintiff is whether the trial court erred in dismissing his complaint with prejudice. The defendants argue that since the order dismissing the complaint was "with prejudice to the plaintiff," it therefore was a final order which prevented an amendment of the complaint. We note, however, that the policy of the law is to favor a hearing of a litigant's claim on the merits. (Ill. Rev. Stat. 1979, ch. 110, par. 4.) Further, a decision of the trial court to allow or refuse a litigant's request to amend the pleadings is subject to review under an abuse of discretion standard. (*Schlossberg v. E. L. Trendel & Associates, Inc.* (1978), 63 Ill. App. 3d 939, 380 N.E.2d 950; *People ex rel. Hamer v. Board of Education* (1970), 130 Ill. App. 2d 592, 264 N.E.2d 420.) We hold that the trial court, under the factual situation established by the pleadings, abused its discretion in dismissing plaintiff's complaint with prejudice and denying the plaintiff an opportunity to amend.

Here, plaintiff alleges facts which indicate that Mr. Payne induced plaintiff voluntarily to dismiss a pending lawsuit in return for Mr. Payne's agreement under a written contract to sell plaintiff the realty involved in this case. Defendant Payne ignored this legal obligation and took steps to divest himself of the property. This court found that agreement specifically enforceable and observed that it would be unconscionable to allow Mr. Payne capriciously to disregard his obligation which he had stipulated to in open court. (*Payne v. Meeker.*) The decisions of the trial court upon which the current appeal is based would enable Mr. Payne to so disregard the obligation placed upon him by this court; therefore, we reverse and remand the cause with directions to allow plaintiff to amend his complaint.

For the foregoing reasons, the judgment of the circuit court of Franklin County dismissing the complaint against Tommy Payne, Ray Everett Odom and Vera Fay Odom is reversed and the cause is remanded

728

with directions to grant plaintiff leave to amend his complaint and for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

KARNS and WELCH, JJ., concur.