HAROLD A. GARY, Plaintiff-Appellant, v. JOE ROTH TRUCK PARTS & SALES, INC., Defendant-Appellee.

First District (1st Division)   No. 83—2884

Opinion filed October 29, 1984.

Walter M. Ketchum, Ltd., of Chicago, for appellant.

McLennon & Jackman, of Chicago, for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Harold Gary, appeals an order dismissing with prejudice his proposed "Amendment to Complaint." On appeal, plaintiff argues the trial court erred in holding the proposed amendment was barred by the statute of limitations.

We reverse and remand.

On February 26, 1980, plaintiff filed a four-count complaint against Joe Roth Truck Parts & Sales, Inc. (defendant), and Great Lakes Air Brakes, Inc. (Great Lakes). Basically, plaintiff's complaint alleged that on June 15, 1979, defendant repaired a truck belonging to plaintiff. In the course of those repairs, defendant distributed to plaintiff a defective air brake manufactured by Great Lakes. On December 21, 1979, plaintiff was injured when the air brake exploded. Count I of plaintiff's complaint sounded in negligence against defendant in performing the repairs to plaintiff's truck. Count II sounded in strict liability in tort against defendant for distributing a defective air brake. Count III sounded in negligence against Great Lakes in manufacturing the air brake, and count IV sounded in strict liability in tort against Great Lakes for manufacturing a defective air brake.

On April 6, 1983, count II was dismissed with prejudice pursuant to section 2 of "An Act in relation to liability *** based on strict liability in tort" (Ill. Rev. Stat. 1981, ch. 110, par. 802). Plaintiff was granted 28 days to file an amended complaint. On July 19, 1983, plaintiff filed an amendment to his original complaint alleging a cause of action against defendant for breach of implied warranty in defendant's sale of the air brake. (See Ill. Rev. Stat. 1983, ch. 26, par. 2—315.) The trial court dismissed plaintiff's proposed count V, holding it alleged a new cause of action barred by the applicable four-year statute of limitations. See Ill. Rev. Stat. 1983, ch. 26, par. 2—725.

The parties agree that plaintiff's proposed amendment alleging a cause of action for breach of implied warranty is barred by the appropriate statute of limitations unless the amendment "relates back" to the time of filing the original complaint. The operative provision of

the Code of Civil Procedure provides that an amendment can relate back to the filing of the original complaint if "it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set out in the original pleading ***." Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)(5).

Thus, the issue before this court is whether the cause of action against defendant for breach of implied warranty arises out of the same transaction or occurrence as the causes of action based on negligence and product liability as set out in the original complaint. We believe that it does.

In *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64, the supreme court held that an amendment alleging a cause of action based on the Structural Work Act related back to the original complaint sounding in negligence. Similarly, in *M.J. McCarthy Motor Sales Co. v. Van C. Argiris & Co.* (1979), 78 Ill. App. 3d 725, 396 N.E.2d 1253, we held that the plaintiff's amendment alleging a cause of action for fraud related back to the original complaint alleging unjust enrichment. Therefore, in *McCarthy*, we allowed a cause of action sounding in tort to relate back to the original cause of action sounding in contract. In *McCarthy*, we stressed that defendant could not claim surprise and prejudice at the newly alleged cause of action:

> "Though recovery was based solely on the theory of unjust enrichment, the complaint sufficiently smacked of fraud so as to afford defendants a sufficient opportunity to investigate the factors upon which liability was based without being prejudiced by the filing of the second amendment to the complaint which alleged fraud and conspiracy to commit fraud." 78 Ill. App. 725, 732.

In the case at bar, the original complaint and amendment alleged a common set of facts. Basically, plaintiff alleged that defendant performed repairs on plaintiff's truck, that defendant distributed to plaintiff an air brake, and that the brake later exploded, causing plaintiff's injuries. We believe the original complaint adequately informed defendant of facts upon which defendant could investigate the claim in the amendment. From the original complaint defendant realized that plaintiff was alleging the particular air brake was defective and exploded. Under such an allegation, defendant could certainly anticipate plaintiff could also allege the air brake was unfit for the particular purpose for which it was purchased.

Thus, the case at bar is inapposite from *Smetzer v. County of*

*La Salle* (1977), 53 Ill. App. 3d 741, 368 N.E.2d 933, *appeal denied* (1978), 67 Ill. 2d 596. In *Smetzer*, plaintiff originally alleged employees of defendant negligently put salt on the road, causing plaintiff to slide out of control. Plaintiff proposed an amendment alleging employees of defendant were negligent in failing to cut weeds at the intersection. We disallowed the proposed amendment because it alleged totally different behavior by different people. Therefore, defendant could "properly claim surprise" at the new allegations. Furthermore, defendant was not alerted to preserve evidence which could aid its defense.

On the contrary, in the case at bar, once defendant was aware plaintiff was claiming negligence in repairs and a defect in the air brake, defendant would try to preserve the same evidence it would need to defend plaintiff's new claim of breach of implied warranty.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded.

Reversed and remanded.

BUCKLEY, P.J., and CAMPBELL, J., concur.