ANNA LANDO, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (2nd Division)   No. 84—548

Opinion filed October 30, 1984.

Jacob N. Gross, Ltd., of Chicago (Terence J. Tyksinski, of counsel), for appellant.

James D. Montgomery, Corporation Counsel, of Chicago (Jerome A. Siegan and Maureen K. Ivory, Assistant Corporation Counsel), of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

Anna Lando (plaintiff) appeals from an order entered on January 31, 1984, by the circuit court of Cook County which dismissed with prejudice her cause of action seeking damages for personal injury from the defendant, city of Chicago (city). The trial court found that plaintiff's notice to the city failed to comply with the notice provisions of the Local Government and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1981, ch. 85, par. 8—102). On appeal, plaintiff contends: (1) that her notice of injury "substantially complied" with the requirements of the Act; (2) assuming *arguendo* that her notice did not constitute substantial compliance, the information conveyed in subsequent letters served to "amend" her initial notice and cured any defects in the notice; and (3) the report of the city of Chicago paramedics constituted "actual notice" sufficient to cure any defects in her written notice.

On March 26, 1982, plaintiff tripped and fell on a "sidewalk ramp" at the southeast corner of Washington Street and Wabash Avenue in Chicago. She was transported by the Chicago fire department mobile intensive care unit (paramedics) to Northwestern Memorial Hospital.[1]

On May 14, 1982, plaintiff sent by registered mail a "Notice of Claim for Personal Injuries" (notice) to the city clerk and to the cor-

---

[1]The report filed by the paramedics stated that plaintiff fell on her arm.

poration counsel, pursuant to section 8—102 of the Act, which provides:

> "Within 1 year from the date that the injury or cause of action, referred to in Sections 8—101, 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, \*\*\*, must serve, either by personal service or by registered or certified mail, return receipt requested, a *written notice* on the Secretary or Clerk, as the case may be, for the entity against whom \*\*\* the action is contemplated, a written statement, signed by himself, his agent or attorney, giving in *substance* the following information: *the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any.*" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 85, par. 8—102.)

In addition, section 8—103 of the Act states:

> "If the notice under Section 8—102 is not served as provided therein, any such civil action commenced against a local public entity, \*\*\*, shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing." (Ill. Rev. Stat. 1981, ch. 85, par. 8—103.)

The notice sent by plaintiff, however, failed to include two elements of information required by the Act: the general nature of the accident, and the name and address of the treating hospital.

On August 17, 1982, plaintiff sent by regular mail letters, identical in content, to the city clerk and the corporation counsel detailing her medical expenses resulting from the accident, including $9,508.90 to Northwestern Memorial Hospital. Each letter also contained the following paragraph:

> "Mrs. Lando incurred comminuted four part fracture of her left proximal humerus requiring a left shoulder prosthesis and rotator cuff repair. \*\*\*."

On September 27, 1983, approximately 18 months after the accident, plaintiff filed a personal injury action against the city. On November 7, 1983, the city filed a motion to strike plaintiff's complaint and dismiss plaintiff's action, contending that she had failed to comply with the Act in that she had not included in her notice the general nature of her accident. In her first amended response to the city's

motion, plaintiff asserted that when the letters sent to the clerk and the corporation counsel were read in conjunction with her original notice she had "substantially complied" with the requirements of the Act. In her second amended response, plaintiff alleged that the city had "actual notice" of the general nature of her accident based on the reports of the paramedics who transported her to Northwestern Memorial Hospital and that this was sufficient to cure any defects in her written notice.

Following a hearing on the city's motion, on January 31, 1984, the trial court entered an order striking plaintiff's complaint and dismissing with prejudice plaintiff's action against the city for failure to comply with the Act. Plaintiff appeals.

■ The first issue before this court is whether plaintiff "substantially complied" with the requirements of section 8—102 of the Act. The purpose of the notice statute is not to give the local public entity notice that an injury has occurred, but that a person is about to commence a civil action for damages on account of such injury. (*Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89.) "Substantial compliance" sufficient to satisfy the purposes of the Act has been found in certain cases where there has been "some attempt" to comply with the requirements of the statute. (*Minnis v. Friend* (1935), 360 Ill. 328, 196 N.E. 191.) More recently, "substantial compliance" with the requirements of section 8—102 has been defined by this court as follows:

> " 'The statute is strictly construed to require that the written notice must contain each of the essential elements therein set forth. A notice which completely omits one or more of the essential elements is insufficient. On the other hand, the statute is to be liberally construed with respect to the sufficiency of the elements as set forth in the written notice. Where the particular element as set forth is reasonably sufficient to fulfill the requirements of the statute and where the public entity has not been misled or prejudiced thereby, the notice itself is sufficient.' " *Smith v. City of Chicago* (1980), 92 Ill. App. 3d 247, 250, 416 N.E.2d 20, 22, quoting *Bickel v. City of Chicago* (1975), 25 Ill. App. 3d 684, 692, 323 N.E.2d 832, 837.

It appears that two things are necessary in order to "substantially comply" with the requirements of section 8—102 of the Act: first, each element of information required by the Act must be included in the written notice; second, each element must be set forth with sufficient clarity and accuracy so as not to mislead or prejudice the public entity. In the instant case, plaintiff admits that the nature of her acci-

dent as well as the name and address of the treating hospital were omitted from her original notice. She asks this court to find "substantial compliance" on the basis of her later letters which allegedly supplied the omitted information, thus protecting the city from any prejudice due to her original omission. However, in order to do so we would have to find that the letters sent by regular mail on August 17, 1982, were sufficient to "amend" plaintiff's original notice. This we cannot do, since even assuming that the letters supplied the missing elements of information, they were not delivered, as is required by the statute,[2] by personal service, or registered or certified mail. Thus, plaintiff has failed to meet the initial requirement of "substantial compliance." Where, as here, an element has been completely omitted from the formal notice required by section 8—102 of the Act, a plaintiff will not be found to have substantially complied with the Act.

■ Next, plaintiff contends that any defects in her written notice were cured by actual notice imputed to the city from the report of the paramedics who conveyed her from the scene of the accident to Northwestern Memorial Hospital. A decision of the fourth district of this court, *Mounce v. City of Lincoln* (1978), 64 Ill. App. 3d 461, 381 N.E.2d 421, *appeal denied* (1979), 72 Ill. 2d 582, involved similar facts. After being injured in a public parking lot, *Mounce* served the city with notice pursuant to section 8—102 of the Act. As in the present case, *Mounce* did not include the general nature of her accident or the name and address of the treating hospital. However, it was established that within one week of the accident *Mounce* had telephoned two aldermen and the mayor, informing them of the details of her accident and the name of the treating hospital. The court affirmed the circuit court's dismissal of *Mounce's* action for failure to comply with the Act, quoting the supreme court in *Housewright v. City of LaHarpe* (1972), 51 Ill. 2d 357, 361, 282 N.E.2d 437:

> " 'Section 8—102 is unambiguous and clearly expresses the legislative intent that a local public entity be given certain information, in writing, within the time provided, and we hold that the allegation of actual notice does not satisfy the statutory requirement of written notice.' [Citation.]" *Mounce v. City of Lincoln* (1978), 64 Ill. App. 3d 461, 464.

---

[2]We believe the instant situation is readily distinguishable from that in *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89, and *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 348 N.E.2d 176, where the actual filing of a complaint within the statutory period was found to satisfy the requirements of the notice statute. In those cases the court stated that the statutory purpose of timely notice of injury had been accomplished because of the discovery available to the defendant.

The court in *Mounce* noted that the supreme court had reached a similar decision in *Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 363 N.E.2d 848, where the plaintiff had failed to include the names and addresses of the treating hospitals in her notice pursuant to section 8—102 of the Act. Despite the existence of a Chicago police department report which contained the name and address of at least one of the hospitals, the court held that plaintiff had failed to comply with the requirements of the Act and affirmed the dismissal, with prejudice, of her cause of action.

Applying the holdings of *Mounce* and *Zavala* to the instant case, it is clear that actual notice is not sufficient to satisfy the requirements of the Act. Thus, the circuit court did not err in dismissing plaintiff's cause of action with prejudice for failure to comply with the notice provisions of section 8—102 of the Act.

Finally, plaintiff contends that because the city did not raise in the trial court the fact that the name and address of the treating hospital had been omitted from her notice, they are precluded from raising it on appeal. However, since our decision in the present case would be the same if only the general nature of her accident had been omitted, we need not address this contention.

For the reasons herein stated, the judgment of the trial court is affirmed.

Affirmed.

STAMOS and DOWNING, JJ., concur.