(No. 59711.

DOUGLAS RIO, Appellee, v. EDWARD HOSPITAL *et al.*, Appellants.

*Opinion filed November 30, 1984.*

Craig J. Cobine, Kathleen C. West and Robert G. Gibson, of Hennessy, Dommermuth, Brestal, Cobine, Roth & West, of Naperville, for appellants.

Charles E. Lab, of Joliet, for appellee.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Douglas Rio, brought this medical malpractice action against Edward Hospital, a municipal corporation, Dr. Afzal Hussain, a hospital employee, and Dr. K. A. Hurst for personal injuries allegedly caused by defendants' negligence. (Dr. K. A. Hurst is not a party to this appeal.) Edward Hospital and Dr. Hussain (defendants) filed a motion to dismiss pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 48), recodified as section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619). The motion alleged that the plaintiff had not complied with the notice provision found in section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1981, ch. 85, par. 8—102). The circuit court of Du Page County granted defendants' motion. On appeal, the appellate court reversed, holding that the discovery rule applicable to medical malpractice suits, generally, also applies to medical malpractice suits against governmental entities and their employees. The court also determined that the one-year time period for giving notice under the Tort Immunity Act commences from the time a plaintiff knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused. (120 Ill. App. 3d 699, 704.) We granted defendants leave to appeal (87 Ill. 2d R. 315).

Two issues are raised on appeal: (1) whether the discovery rule applicable to medical malpractice claims also applies to such claims against governmental entities and their employees; and (2) whether the information contained in plaintiff's complaint is sufficient to satisfy the notice requirement of the Tort Immunity Act.

The record reveals that the plaintiff originally filed a

two-count complaint in the circuit court of Cook County on August 14, 1981, against the three defendants. The complaint alleged that on or about August 14, 1979, the plaintiff was treated by the named doctors at Edward Hospital for an injury to his wrist. The complaint further alleged that the defendant physicians negligently diagnosed and treated the injury, and, as a result, the plaintiff suffered personal injury. The defendants were served with summons on September 16, 1981. On October 16, 1981, Edward Hospital and Dr. Hussain filed a motion to dismiss alleging improper venue and, in the alternative, requested the court to transfer the cause to Du Page County. The court on November 17, 1981, granted the alternative motion, and the cause was transferred to the circuit court of Du Page County.

On February 16, 1982, the record of proceedings in the circuit court of Cook County was filed in the circuit court of Du Page County. Defendants, on June 17, 1982, filed a motion to dismiss, supported by affidavits, alleging that the plaintiff had not given defendants written notice of his claim within one year from the date that the injury was received or the cause of action accrued, as required by the Tort Immunity Act. Thereafter, on August 27, 1982, the plaintiff filed an amended complaint alleging, in relevant part, that he had not discovered that he had a cause of action against defendants until May 19, 1981, and that such date was the first time he could have reasonably known that the defendants were responsible for his injury. Plaintiff filed an affidavit in opposition to defendants' motion to dismiss. The affidavit stated that plaintiff injured his wrist and hand on August 14, 1979; that he sought treatment for his injury the next day at Edward Hospital; that his hand and wrist were examined by Dr. Hussain and his X rays were analyzed by Dr. Hurst; that Dr. Hussain allegedly told him that his wrist was sprained; that he was subse-

quently examined on May 19, 1981, by Dr. Barry Lewis; and that he was informed by Dr. Lewis that his wrist had in fact been fractured in August 1979, not sprained.

Subsequently, defendants filed an affidavit by one of their attorneys, stating that they were first notified of the transfer of the cause from Cook County to Du Page County in a letter from plaintiff's attorney dated May 24, 1982. Based on this information, the trial court granted defendants' motion to dismiss, concluding that the plaintiff had failed to comply with the one-year notice requirement found in section 8—102 of the Tort Immunity Act.

The plaintiff argues that the discovery rule applicable to medical malpractice suits also applies to the notice provision of the Tort Immunity Act. He contends that once the discovery rule is applied to the facts of the instant case, his complaint, filed August 14, 1981, satisfies the one-year notice requirement of the Act. Defendants maintain, on the other hand, that the General Assembly never intended the discovery rule to govern medical malpractice suits involving local governmental entities and their employees.

The discovery rule has been adopted in a wide variety of contexts. (See, *e.g., Rozny v. Marnul* (1969), 43 Ill. 2d 54 (surveyor's error); *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418 (products liability); *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129 (defamation).) In 1965, the General Assembly added section 21.1 to the Limitations Act, which provided for a discovery rule in medical malpractice cases where a foreign object was introduced into a patient's body and negligently allowed to remain there. (Ill. Rev. Stat. 1965, ch. 83, par. 22.1.) The rule was first applied to a medical malpractice action not involving a foreign object in *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32. Following the court's deci-

sion in *Lipsey,* the General Assembly, in 1975, amended section 21.1 of the Limitations Act to include a discovery rule governing those medical malpractice suits against physicians and hospitals arising out of general patient care. (Ill. Rev. Stat. 1975, ch. 83, par. 22.1.) Subsequently, the Limitations Act was again amended, and the limitations statute which is relevant to the case here provides in substance that medical malpractice actions shall not be brought more than two years after the plaintiff knew or should have known of the injury but in no event more than four years after the date of the alleged misconduct. (Ill. Rev. Stat. 1981, ch. 110, par. 13—212, recodifying Ill. Rev. Stat. 1979, ch. 83, par. 22.1.) The statute has been interpreted by the court to mean that a cause of action accrues when a plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that it was wrongfully caused. *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 232; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156.

Section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8—102), which is the relevant section of the Act for purposes of the present case, provides:

"Within 1 year from the date that the injury or cause of action, referred to in Sections 8—101, 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must serve, either by personal service or by registered or certified mail, return receipt requested, a written notice on the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving in substance the following information: the name of

the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician; if any, and the name and address of the treating hospital or hospitals, if any."

Section 8—103 of the Act then provides that if notice is not served on the local public entity within one year as prescribed by section 8—102, the plaintiff's cause of action is barred. Ill. Rev. Stat. 1981, ch. 85, par. 8—103.

The Tort Immunity Act is in derogation of the common law action against local public entities. Thus, this court has held that the Act must be strictly construed against the public entity involved. (*Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 342.) Whenever provisions of the Tort Immunity Act have conflicted with other legislation, the court has carefully considered the history and policies of each. As a consequence, the court has often determined either that the policies of the Tort Immunity Act are outweighed by competing policies (see, *e.g., Stephens v. McBride* (1983), 97 Ill. 2d 515, 522 (notice provision does not apply to actions for contribution)), or that the purpose of the Act will not be adversely affected by construing it to effectuate the purpose intended by the other legislation (see, *e.g., Helle v. Brush* (1973), 53 Ill. 2d 405, 408-09 (notice requirement is not applicable to counterclaims)).

Moreover, the court has determined that the notice provision found in section 8—102 of the Act is not a condition precedent to the right to bring suit. Rather, section 8—102 is a limitation provision, which can be waived by the local governmental entity. (*Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 235; *Helle v. Brush* (1973), 53 Ill. 2d 405, 410.) Accordingly, section 8—102 and the medical malpractice limitations statute, found in section

13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—212), are *in pari materia* and should be construed together in determining the intent of the legislature relative to the issue under consideration. *Helle v. Brush* (1973), 53 Ill. 2d 405, 408.

The purpose which prompted the General Assembly to include the discovery rule in the limitations statute governing malpractice suits was to avoid the patently unfair results in medical malpractice and other tort cases caused by the then-existing statutes of limitation. The discovery rule was the legislative response to the harshness of the older rule, which sometimes barred a cause of action before a plaintiff could know that it existed. The harshness was perhaps more pronounced in medical malpractice cases. As the court noted in *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 159, the relationship between a physician and his or her patient is one in which the patient places great trust and reliance. Patients tend to believe what their doctors tell them concerning the nature and extent of their injuries. Moreover, the patient often knows little about his illness or injury, or its cause. Thus, the type of injuries caused by professional malpractice are often not self-evident to the patient and are not discovered until some time after the patient received the care causing the injury. When the purpose of the discovery rule is thus considered, we can think of no logical reason for distinguishing between governmental and private defendants. Therefore, we conclude, absent any contrary legislative pronouncement, that the discovery rule was intended to apply in medical malpractice actions involving local public entities.

Section 8—102 requires written notice to be given within one year from the date that "the injury or cause of action *** was received or accrued ***." (Ill. Rev. Stat. 1981, ch. 85, par. 8—102.) This language does not evidence a legislative intent to prohibit the discovery

rule from being applied in medical malpractice cases involving local public entities and their employees. In addition, the legislative history surrounding the most recent amendments to the Act, while not determinative, supports our conclusion that the Act was not intended to bar meritorious claims before their discovery. The Act was amended in 1973 by the General Assembly. House Bill 129 (Pub. Act 78—201), among other things, increased the notice period in section 8—102 from six months to one year, and the limitation period in section 8—101 for bringing suit from one to two years. During the floor debates on House Bill 129, Representative Richard O. Hart stressed that the amendments were being proposed to prevent the confusion and resulting hardship caused by the relatively short limitations periods in sections 8—101 and 8—102. He emphasized that the amendments were intended to bring the Act "in conformity to the rest of the statute [of limitations], as far as Tort Claims are concerned ***." House Debates, 78th Gen. Assem., April 5, 1973, at 87.

The primary purpose of the Tort Immunity Act is "to encourage early investigation into the claim asserted against the local government at a time when the matter is still fresh, witnesses are available, and conditions have not materially changed." (*Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 293.) Such an investigation permits prompt settlement of meritorious claims and allows governmental entities to plan their budgets in light of potential liabilities. (*Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 342.) Defendants contend that the extension of the discovery rule to cases such as this will defeat the purpose of the Tort Immunity Act, because it will prevent local governments from conducting investigations shortly after the injuries occur. We disagree. As the court recently noted: "In view of the fact that under the provisions of section 8—102 a governmental entity need

not be given notice for almost a year after the occurrence it can hardly be contended that the statute necessarily assures an opportunity to conduct an inspection immediately after the injury is sustained." (*Stephens v. McBride* (1983), 97 Ill. 2d 515, 524.) An injured party would still be required to give timely notice after discovery of his injury. It would be absurd to conclude that the General Assembly intended anything more. We therefore hold that the discovery rule applies to medical malpractice suits involving local governments and their employees. Thus, subject to the overall four-year statute of limitations (Ill. Rev. Stat. 1981, ch. 110, par. 13—212), the one-year time period for giving notice under section 8—102 commences from the time a plaintiff knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused.

Plaintiff, in his amended complaint, alleges in substance that he was treated by the defendant doctors on August 14, 1979, and, that, as a result of their negligent diagnosis and treatment, he suffered personal injury. He further alleges that he did not discover that he had a cause of action against defendants until May 19, 1981, and that such date was the first time he could have reasonably known that the defendants were responsible for his injury. Since the order of dismissal in this case was entered upon a motion to dismiss filed by defendants, all facts properly pleaded in the complaint must be taken as true. (*Kendall v. Kendall* (1978), 71 Ill. 2d 374, 375.) Here, the original complaint was filed within three months after discovery of the cause of action. The defendants were all served with summons shortly thereafter. This court has held that the filing of a complaint within the notice period prescribed by section 8—102 satisfies the statutory notice requirement. (*Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 236; see also *Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 578.) Therefore, we

conclude that plaintiff gave timely notice to defendants.

Defendants contend, however, that even if the discovery rule applies to this case, the plaintiff's complaint was properly dismissed by the trial court. They argue that plaintiff's complaint was deficient because it did not provide them with all the information required by section 8—102. The information alleged to be lacking from the complaint includes plaintiff's address, the approximate hour that the accident occurred, and a description of the general nature of the accident.

Section 8—102 requires that the notice contain "in substance" certain information relating to the accident or injury. (Ill. Rev. Stat. 1981, ch. 85, par. 8—102.) The words "in substance" were added to the section in 1973 (Pub. Act 78—201) by the General Assembly to ameliorate the harshness caused by the rigid application of the prior section. (See House Debates, 78th Gen. Assem., April 5, 1973, at 86-87 (statement of Representative Richard Hart).) Subsequently, in *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, this court held that a complaint filed within the notice period satisfied the requirements of the section even though it did "not contain all the information required by section 8—102 ***." (64 Ill. 2d 230, 236.) The court noted that a defendant can commence discovery as soon as the defendant's appearance or answer is filed. (64 Ill. 2d 230, 236; see also 87 Ill. 2d R. 201(d).) Thus, since the plaintiff had filed suit within the notice period, the court reasoned that the defendants could conduct discovery much earlier than if plaintiff had provided defendants only with a written notice. The court explained that defendants would be able to obtain more complete information under discovery procedures than under the presuit notice provision of the Tort Immunity Act. 64 Ill. 2d 230, 236; see also *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 293-94.

Viewing plaintiff's complaint in light of *Dunbar v.*

*Reiser* (1976), 64 Ill. 2d 230, we are of the opinion that it complied with section 8—102. The complaint provided defendants with substantially all the information required by the section. The obvious purpose of requiring the inclusion of a claimant's address in the notice is to provide the defendant with a means of contacting the claimant. The complaint here provided the name and address of plaintiff's attorney, who could be contacted with regard to the case. We deem this to be sufficient compliance with the Act. We also disagree with defendants' contention that the complaint did not sufficiently describe the general nature of plaintiff's injury. On the contrary, the complaint more than adequately described the gist of plaintiff's injury and its alleged cause. We note that much of the information required by section 8—102 is ordinarily available only to the injured party. (*Stephens v. McBride* (1983), 97 Ill. 2d 515, 522.) That is not true with regard to this and similar cases, where much, if not all, of the information required by the section is likely to be found in defendant's own medical records. (See *Eason v. Garfield Park Community Hospital* (1977), 55 Ill. App. 3d 483, 489-90 (Simon, J., dissenting).) We do not believe that defendants were prejudiced by plaintiff's failure to provide the omitted information.

Defendants assert that the failure of plaintiff to file suit in the proper county and to notify them of the docketing of the cause in Du Page County until a letter dated May 24, 1982, prevented them from conducting discovery until after the notice period expired. They therefore argue that *Dunbar* is inapposite. Defendant's contention is without merit. Defendants were served with summons in the Cook County suit on September 16, 1981, approximately four months after the cause of action accrued. Since a copy of the complaint must be attached to the summons (87 Ill. 2d R. 104(a)), defendants were given the information required under section 8—102 well

within the notice period. We do not read *Dunbar* as requiring the availability of pretrial discovery. The court in *Dunbar* simply noted that if a suit is filed within the notice period, the availability of pretrial discovery affords defendants an even greater opportunity to investigate claims.

Further, even if we were to agree with defendants' reading of *Dunbar*, the defendants here could have initiated discovery within the notice period. The facts indicate that the case was docketed in Du Page County on February 16, 1982, which was several months before the notice period expired. Defendants argue, however, that the plaintiff was required to notify them that the case was docketed in Du Page County and that his failure to timely do so was prejudicial to defendants. Defendants cite no support for the above proposition, nor does our research reveal any. We believe it was the responsibility of both parties to monitor the progress of the case once the Cook County trial court ordered the cause transferred to the Du Page County circuit court. Thus, the defendants could have conducted discovery several months before the one-year notice period expired.

For the reasons stated the judgment of the appellate court is affirmed. The cause is remanded to the circuit court of Du Page County for further proceedings consistent with this opinion.

*Affirmed and remanded.*