LORRAINE WHITNEY *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHI-
CAGO *et al.*, Defendants-Appellees.

First District (5th Division)   No. 86—0198

Opinion filed April 16, 1987.

James R. Vassilos, of Chicago, for appellants.

Judson H. Miner, Acting Corporation Counsel, of Chicago (Ramsay Laing Klaff and Sharon Baldwin, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs Lorraine Whitney and David Nance appeal from a trial court's dismissal with prejudice of their amended complaint against defendant city of Chicago (the city). The facts pertinent to this appeal are undisputed.

On February 14, 1979, plaintiff Nance was driving his car in which plaintiff Whitney was a passenger. As the car approached 72nd Street on State Street, in Chicago, it was struck by a snowplow truck

operated by defendant A. A. Conte, Inc. (Conte), and driven by defendant Michael Romano. The city had subcontracted the job of snowplowing to Conte. On November 21, 1979, plaintiffs filed a notice of claim with the city as required by statute. (Ill. Rev. Stat. 1979, ch. 85, par. 8—102.) In addition to specifying the necessary information, including the location of the accident, the notice described the general nature of the accident as "City snow removal vehicle made a U-turn from the eastern most northbound lane of State Street and struck the vehicle in which claimant was a passenger/claimant's vehicle."

Plaintiffs, on February 17, 1981, filed a one-count complaint alleging negligence against the city, Fulmer Trucking Company, Conte, and Romano, and Conte and Romano counterclaimed. In November 1984 a stipulation to dismiss, based on a settlement, was executed between plaintiffs and defendants Conte and Romano. This stipulation, signed by counsel for plaintiffs and the city, expressly reserved plaintiffs' right to proceed against the city. Each plaintiff then signed a "Joint Tort Release of Fewer Than All Tort Feasors" which stated in part: "This agreement is not intended to release any claim or causes of action for damages against any other person, firm or corporation *** ."

In December 1984, the trial court dismissed plaintiffs' complaint against all parties except the city, noting that the case against the city was still open. In March 1985, the court granted the city's motion to strike and dismiss plaintiffs' complaint. The city's motion was based on the ground that a provision of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) stating that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable" (Ill. Rev. Stat. 1985, ch. 85, par. 2—109) was applicable and on its claim that the release of Conte and Romano precluded proceeding against the city. Plaintiffs were granted leave to amend their complaint.

On April 10, 1985, plaintiffs filed a two-count amended complaint alleging non-*respondeat superior* counts of (1) negligent hiring and entrustment and (2) failure to warn of or barricade against dangerous conditions. The city moved to dismiss the amended complaint alleging that it stated new causes of action that were barred by the statute of limitations and that the statutory notice of the accident improperly described the "general nature of the accident" as it pertained to the new causes of action. The trial court dismissed plaintiffs' amended complaint with prejudice, citing the release of Conte and Romano and referring to specific provisions of the Tort Immunity Act (Ill. Rev.

Stat. 1985, ch. 85, pars. 2—109 (effect of employee's nonliability), 8—101 (statute of limitations), 8—102 to 8—103 (notice of injury requirements).) Plaintiffs' motion for reconsideration was denied and this appeal followed.

The issues on appeal are (1) whether plaintiffs' notice of claim was sufficient under the statutory requirements, including the statute of limitations, and (2) whether plaintiffs' settlement with Conte and Romano released the city from liability.

The Tort Immunity Act required notice to be served on a public entity within one year from the date the injury was received or the cause of action accrued. (Ill. Rev. Stat. 1979, ch. 85, par. 8—102.) In this case, the injury occurred on February 14, 1979, and the notice was filed on the city on November 21, 1979, within a year's time. It is to be noted that the provision of our local government law relating to notice was repealed effective November 25, 1986, by Public Act 84—1431, article I, section 3, during the pendency of this appeal. The repeal does not affect the outcome of this cause.

■■ Despite the timeliness of plaintiffs' notice, the city contends it was inadequate. The city argues that the notice improperly described the general nature of the accident as it applied to plaintiffs' new causes of action set forth in their amended complaint, *i.e.*, negligent hiring and failure to warn or barricade. This argument must fail as the notice did describe the "general nature of the accident" according to case law and the statute. Ill. Rev. Stat. 1979, ch. 85, par. 8—102.

■■■ It is true that the elements to be set forth in the notice are to be strictly construed as to whether a plaintiff made an attempt to provide the necessary information. (*Lando v. City of Chicago* (1984), 128 Ill. App. 3d 597, 600, 470 N.E.2d 1172.) However, the statute is to be liberally construed as to whether an element as set forth is reasonably sufficient to fulfill the statutory requirements such that the public entity has not been misled or prejudiced; where there is no prejudice, the notice itself is sufficient. (128 Ill. App. 3d 597, 600, 470 N.E.2d 1172.) There is nothing in the present record that suggests the city was misled or prejudiced by the accident description. The statute does not require "the nature of the action," but rather the "general nature of the accident."

The city claims that the accident description was insufficient in that it failed to direct the city's attention to records or witnesses necessary to adequately investigate the hiring of outside contractors or to determine the necessity of warning signs at the scene. Furthermore, the city asserts that it was misled by the snow removal vehicle being described as a "city vehicle" in the notice.

The primary purpose of the notice requirement is to furnish timely notice of injury so that the municipality can investigate and make prompt settlement of meritorious claims and also to give notice to a public entity of possible liability so that budgetary provisions may be knowledgeably arranged. (*Mounce v. City of Lincoln* (1978), 64 Ill. App. 3d 461, 463, 381 N.E.2d 421.) As the Tort Immunity Act is in derogation of the common law action against local public entities, it must be strictly construed against the public entity. (*Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 342, 270 N.E.2d 415.) The notice requirement was designed to give the local public entity notice, not that an injury was suffered, but that a person was about to file a civil action for damages arising out of that injury. *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 235, 356 N.E.2d 89.

In the present case, plaintiffs' notice did contain "in substance" certain information relating to the accident. (Ill. Rev. Stat. 1979, ch. 85, par. 8—102.) A party is not required to set forth theories upon which the civil claim will be based, but merely the general nature of the accident giving rise to the claim. Plaintiffs' notice adequately set forth the general nature of the accident so as to permit the city to investigate all the surrounding circumstances. The fact that the snowplow was operated and owned, not by the city, but by a subcontractor, could have been easily determined by the city based on the information given in the notice. The same reasoning applies to the city's ability to investigate conditions existent at the time of the occurrence, including whether warnings were present or necessary.

The sufficiency of the notice applies both to plaintiffs' first complaint and their amended complaint. It has long been the law in Illinois that the provisions of our civil practice act are to be liberally construed. (Ill. Rev. Stat. 1985, ch. 110, par. 1—106.) Such liberal construction fulfills the policy underlying our procedural rules which favors a hearing on the merits of a litigant's claim. (*Meeker v. Payne* (1981), 101 Ill. App. 3d 723, 727, 428 N.E.2d 614.) At any time before a final judgment, amendments may be allowed on just and reasonable terms including, among other reasons, the changing of the cause of action if the cause "grew out of the same transaction or occurrence set up in the original pleading." (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b).) This section also provides that if the cause set forth in the amended complaint arose out of the same occurrence or transaction, the amended complaint, for purposes of time limitations, relates back to the filing of the original complaint. This statute is to be liberally construed. (*Frankenthal v. Grand Trunk Western R.R. Co.* (1983), 120 Ill. App. 3d 409, 417, 458 N.E.2d 530.) And, where a pleading

contains facts entitling a plaintiff to relief but the wrong remedy is sought, the court may permit the pleading to be amended. Ill. Rev. Stat. 1985, ch. 110, par. 2—617.

The city's reliance on *Smetzer v. County of La Salle* (1977), 53 Ill. App. 3d 741, 368 N.E.2d 933, is misplaced. In *Smetzer*, a plaintiff involved in an automobile collision filed a complaint based on the county having put a slippery chemical on the road. She later attempted to amend the complaint alleging that weeds along the road obstructed her view. The court held that these were two separate occurrences and, thus, her motion to amend was properly denied. (53 Ill. App. 3d 741, 745, 368 N.E.2d 933.) In the present case, the basic facts supporting both plaintiffs' original and amended complaints are the circumstances surrounding the occurrence wherein a snowplow, operating on a city street for the city, collided with plaintiffs' vehicle. The general nature of the accident did not change and the *Smetzer* ruling is inapplicable. Plaintiffs have merely changed the remedy sought.

██ In *Cunningham v. Hasbargen* (1983), 118 Ill. App. 3d 1019, 455 N.E.2d 839, the court permitted a dramshop cause of action to be amended to add counts of common law negligence and wilful and wanton conduct. The court in *Gary v. Joe Roth Truck Parts & Sales, Inc.* (1984), 128 Ill. App. 3d 485, 471 N.E.2d 208, permitted a negligence complaint to be amended to include a breach of warranty claim because the original complaint adequately informed the defendant of facts necessary to investigate the claim. (128 Ill. App. 3d 485, 471 N.E.2d 208.) In our case, the city was actually in a better position than plaintiffs to know who was driving the snowplow and the relationship, if any, to the city. Also, it is reasonable to presume that the city, upon receiving notice of the accident, would have checked its records regarding the employment and deployment of the snowplow at that location. Thus, the concepts of negligent entrustment and/or lack of warnings do not differ significantly from the original negligence claim when the circumstances of this case are considered. Plaintiffs' amended complaint merely set forth different theories of liability which arose from the same occurrence or transaction alleged in their original complaint. Accordingly, plaintiffs' amended complaint relates back to the filing date of their original complaint and it was error to dismiss it on this ground.

██ ██ The trial court's dismissal of plaintiffs' amended complaint was based in part on section 2—109 of the Tort Immunity Act, which provides that a municipality is not liable for injuries caused by an act or omission of its employee where the employee is not liable. (Ill. Rev. Stat. 1985, ch. 85, par. 2—109.) The court apparently consid-

ered Conte and Romano not liable because of the settlement and release. In Illinois, it is the parties' intent that determines the effect of a release. (*Chubb v. Amax Coal Co.* (1984), 125 Ill. App. 3d 682, 686, 466 N.E.2d 369.) In the present case, the releases specifically released only Conte and Romano and reserved plaintiffs' rights as to other responsible parties. And the stipulation to dismiss, approved by the court, expressly did not release the city.

■■ Recently, our supreme court in *Stewart v. Village of Summit* (1986), 114 Ill. 2d 23, 499 N.E.2d 450, held that execution of a covenant not to sue an employee tortfeasor does not bar suit against the employer not named in the covenant where the agreement explicitly and unambiguously reserved the right to sue other responsible parties as long as the claims arose out of the same occurrence. The *Stewart* court noted that this ruling is consistent with the long-established rule that the agreement is the controlling factor and the primary fact to be determined is the intent of the parties. (114 Ill. 2d 23, 30, 499 N.E.2d 450.) Moreover, a provision of the Contribution Among Joint Tortfeasors Act provides that release of one tortfeasor does not discharge other tortfeasors unless expressly stated. (Ill. Rev. Stat. 1985, ch. 70, par. 302(c).) Therefore, the release of Conte and Romano did not act to bar suit against the city.

For the foregoing reasons, we find that plaintiff's notice of claim was sufficient as to the amended complaint and that there was compliance with the statute of limitations since the claims in both complaints arose out of the same occurrence or transaction. Additionally, the release of Conte and Romano did not release the city from potential liability. Accordingly, the trial court's dismissal of plaintiffs' amended complaint is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SULLIVAN, P.J., and PINCHAM, J., concur.