JAMES D. THOMAS, Plaintiff-Appellant, v. KENNETH DAVENPORT *et al.*, Defendants-Appellees (John Brna, Defendant).

First District (3rd Division) No. 1—88—1586

Opinion filed April 18, 1990.

Sandman & Levy, of Chicago (Morris A. Levy, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (E. Michael Kelly, Stephen R. Swofford, and Nancy G. Lischer, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff-appellant, James Thomas (Thomas), appeals from an order of the circuit court of Cook County which dismissed with prejudice his medical malpractice action for failure to comply with the notice requirements of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1985, ch. 85, par. 1—101 *et seq.*). On appeal, Thomas argues that (1) the statutory time period for serving a notice of injury upon a public entity should be tolled until the plaintiff knows or reasonably should have known of his injury and that it was wrongfully caused; (2) the trial court erred in denying Thomas leave to amend his complaint; and (3) the defendant's motion to dismiss was legally insufficient to justify dismissal of the complaint. We reverse and remand.

On July 29, 1984, Thomas was injured in a car accident and treated at a hospital in Michigan City, Indiana. On August 4, 1984, Thomas was admitted to Cook County Hospital, where he remained hospitalized until August 27, 1984. On August 9, Doctors John Brna, Kenneth Davenport and David Watt performed surgery on Thomas' right leg. After surgery, Thomas' right leg was placed in a full cast, which covered his leg from hip to foot and prevented him from seeing his foot and leg. After Thomas was discharged from the hospital, he noticed that his toes pointed outward at an angle. When Thomas asked Dr. Davenport or Dr. Watt during an out-patient visit why his toes were pointing out, he was told that his leg would be alright when the cast was removed.

At a subsequent outpatient visit sometime between August 27, 1984, and January of 1985, the defendants changed Thomas' cast. During this visit Thomas noticed that his right leg was also pointing

out at an angle. Doctors Davenport or West informed Thomas that with proper exercise, his foot and leg would resume their normal shape after the cast was removed. In February 1985, when plaintiff's cast was removed his leg had not resumed its normal alignment. At that time, Thomas first suspected that his injury was the result of medical malpractice.

On August 12, 1985, six months after this discovery, Thomas filed a notice of claim for personal injuries with the Cook County board. On August 13, Thomas filed his complaint in this action. In his complaint, Thomas alleged that he did not know or have reason to know that his condition was a result of wrongful acts or omissions of the defendants until approximately February 1985.

Defendants, Doctors Davenport and Watt and Cook County Hospital, moved to dismiss Thomas' complaint on the basis that he failed to comply with the statutory notice requirements of the Tort Immunity Act. At the hearing on the motion to dismiss, defendants argued that the one-year statutory notice period could not be extended. Plaintiff argued that the injury was not discovered until 1985 and that the period of time for filing of the notice should be extended. The court granted defendants' motion to dismiss on the basis that, due to the indefinite listing of the specific date on which the injury occurred, it was impossible to ascertain whether or not notice was given within the required time period. Thomas requested, but was denied, leave to amend his complaint to state a more definite date. This appeal followed.

On appeal, Thomas first argues that the statutory time period for serving notice of injury upon a public entity should be tolled until such time as plaintiff knows or reasonably should know of his injury and that it was wrongfully caused. We agree.

■ Section 8–102 of the Tort Immunity Act provides in pertinent part:

"Within 1 year from the date that the injury or cause of action *** was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must serve *** a written notice on the Secretary or clerk *** for the entity against whom or against whose employee the action is contemplated a written statement *** giving in substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the per-

son injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any." (Ill. Rev. Stat. 1985, ch. 85, par. 8—102. (Repealed by Pub. Act 84—1431, art. 1, §3, eff. November 25, 1986.))

Section 8—103 of the Tort Immunity Act provides that if notice is not served on the local public entity within one year of the date of the accident as required by section 8—102, the plaintiff's cause of action is barred. Ill. Rev. Stat. 1985, ch. 85, par. 8—103.

■■ In *Rio v. Edward Hospital* (1984), 104 Ill. 2d 354, 472 N.E.2d 421, the supreme court held that the discovery rule applies to medical malpractice suits involving local governments and their employees. Thus, subject to the overall four-year statute of limitations, the one-year time period for giving notice under section 8—102 commences from the time a plaintiff knows or reasonably should know of his injury and that it was wrongfully caused. *Rio*, 104 Ill. 2d at 365.

■■ ■ When ruling on a motion to dismiss, the court must take all well-pleaded allegations as true. Thus, Thomas' allegation that he discovered his injury in February 1985 and computed the notice requirement deadline from that date must be taken as true. (*Curtis v. County of Cook* (1982), 109 Ill. App. 3d 400, 404, 440 N.E.2d 942, 945.) The original date of Thomas' admission to Cook County Hospital cannot be used as a measure since he relied on his doctors' repeated assurances that his leg and foot would resume their normal alignment after the cast was removed. The Illinois General Assembly included the discovery rule in the limitations statute to avoid unfair results in medical malpractice and other tort cases where the then-existing statute of limitations sometimes barred a cause of action before a plaintiff could know that it existed. (*Rio*, 104 Ill. 2d at 363.) The present case is the type of situation that the rule was designed to prevent. We therefore conclude that the discovery rule should apply in construing the notice provisions of the Tort Immunity Act in this case. We further find that Thomas' notice of claim, filed six months after he discovered his injury, was timely.

Thomas further argues that the trial court should have granted his motion to amend his complaint to specify the date on which his injury was discovered so that the notice time period could be accurately computed. We agree.

■■ ■ The decision to allow amended pleadings is a matter within the sound discretion of the trial court, and its ruling on a motion to

amend will not be disturbed absent an abuse of discretion. (*Chesterfield Sewer & Water, Inc. v. Citizens Insurance Co.* (1965), 57 Ill. App. 2d 90, 97-98, 207 N.E.2d 84, 88.) The power to allow amendments should be freely exercised so that litigants may freely present their causes of action; the most important question is whether amendment will be in furtherance of justice, and amendment of defective pleadings should be permitted unless it is clear that the defect cannot be cured thereby. (*Willis v. Ohio Casualty Co.* (1981), 101 Ill. App. 3d 1099, 1106, 428 N.E.2d 1061, 1067.) While recognizing that an amendment should not ordinarily be permitted to set up matters which the pleader had full knowledge of at the time of filing the original pleading where no excuse is presented for not putting its substance in the original pleading, such amendment will be allowed where justice is not served by denying leave to amend; doubts should be resolved in favor of allowing amendments. *Lawson v. Hill* (1979), 77 Ill. App. 3d 835, 845, 396 N.E.2d 617, 625.

■ In the present case, we find that the trial court should have allowed Thomas' motion to amend his complaint to reflect the specific date in February 1985 on which he discovered his injury. Allowing Thomas to amend his complaint to state a more definite date would have cured the defect and allowed him to freely present his cause of action. Under these circumstances, justice would best be served by allowing the amendment.

Thomas finally argues that the defendant's motion to dismiss was legally insufficient to justify dismissal of the complaint. Because of our resolution of the previous issues, we decline to address this issue.

Accordingly, the order of the circuit court is reversed, and this matter is remanded for proceedings consistent with this opinion.

Reversed and remanded.

FREEMAN and WHITE, JJ., concur.