URILLA REESE, Plaintiff-Appellant, v. THE VILLAGE OF ARLINGTON
HEIGHTS, Defendant-Appellee.

First District (1st Division)   No. 1—88—1665

Opinion filed September 24, 1990.

John M. Falasz, Jr., Ltd., of Chicago (Garth J. Unke, of counsel), for appellant.

Dowd & Dowd, Ltd., of Chicago (Robert C. Yelton III, and Joel S. Ostrow, of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:

Plaintiff, Urilla Reese, appeals from an order of the trial court dismissing her complaint against defendant, the Village of Arlington Heights, for plaintiff's failure to comply with the notice provision of section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1985, ch. 85, par. 8—102). The issues raised on appeal are: (1) whether the trial court properly dismissed plaintiff's cause of action due to the incorrect date in the notice of injury; and (2) whether the defendant's conduct pertaining to settlement negotiations served as a waiver of its right to assert noncompliance with the notice requirements.

On July 8, 1985, the plaintiff sustained injuries when she "tripped and fell" on an alleged defective sidewalk in the Village of Arlington Heights (Village). Immediately after the accident occurred, the Arlington Heights police department's reporting officer and the Arlington Heights fire department paramedic and ambulance personnel arrived on the scene. The fire department prepared an ambulance report, and the police department prepared a casualty report. On July 18, 1985, plaintiff sent a letter to the Arlington Heights police department which listed the accident as July 8, 1985, requesting a copy of their casualty report. On July 23, 1985, plaintiff sent a letter to the fire department which also listed the date of injury as July 8, 1985, requesting a copy of their ambulance report. The Arlington Heights police department responded with a letter describing the casualty report. The letter indicated the date of the report as July 8, 1985, the type of offense, a description of what occurred, the nature of the injuries and the hospital that treated the plaintiff.

On July 7, 1986, the Village received plaintiff's formal notice of injury and notice of attorney's lien. The notice of attorney's lien correctly stated the date of the accident as July 8, 1985. However, the notice of injury erroneously stated the date of accident as July 7, 1985. Upon receipt of plaintiff's notices, the defendant submitted these documents to Gallagher Basset Services, Inc., which administered the Village's self-insurance plan. On April 8, 1987, plaintiff filed her complaint. Thereafter, plaintiff's attorney began discussing settlement of the case with Thomas Scott, an adjuster for Gallagher Basset Services. Mr. Scott requested of plaintiff's attorney several extensions of time in which to file the defendant's appearance in this matter in order to effectuate settlement negotiations. On June 22, 1987, Mr.

Scott offered $2,000 to settle the case, which was not accepted by the plaintiff due to her outstanding medical bills.

On November 17, 1987, the attorneys representing the Village filed an appearance on behalf of the Village, and on that same date presented a motion to dismiss plaintiff's complaint alleging a defective notice of injury. The notice of injury incorrectly stated the date of injury as July 7, 1985, instead of July 8, 1985. On May 10, 1988, the trial judge granted defendant's motion to dismiss, concluding that the improper date on the plaintiff's notice of injury was a fatal defect.

■■ Plaintiff argues that the trial court erred in dismissing her complaint since the Tort Immunity Act only requires substantial compliance with the statutory notice requirement. At the time that plaintiff's cause of action arose, section 8—102 of the Tort Immunity Act provided:

"Within 1 year from the date that the injury or cause of action, referred to in Sections 8—101, 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must serve, either by personal service or by registered or certified mail, return receipt requested, a written notice on the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving in substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any." (Ill. Rev. Stat. 1985, ch. 85, par. 8—102.) (Repealed by Pub. Act 84—1431, art. 1, section 3, eff. November 25, 1986.)

Section 8—103 of the Tort Immunity Act provides that if notice is not served on the local public entity as provided by section 8—102, the plaintiff's cause of action shall be dismissed and forever barred. Ill. Rev. Stat. 1985, ch. 85, par. 8—103.

■■ It is well settled that the primary purpose of these two notice provisions is to encourage an early investigation into the claim asserted against the local government while witnesses remain available,

the matter is still fresh and the conditions have not materially changed. (*Rio v. Edward Hospital* (1984), 104 Ill. 2d 354, 364, 472 N.E.2d 421; *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 292-93, 348 N.E.2d 176; *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 342, 270 N.E.2d 415; *Helle v. Brush* (1973), 53 Ill. 2d 405, 407-08, 292 N.E.2d 372.) The notice requirement was designed to inform the local government that a person was about to file a civil action for damages arising out of an injury suffered. (*Whitney v. City of Chicago* (1987), 155 Ill. App. 3d 714, 718, 508 N.E.2d 293; *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 235, 356 N.E.2d 89.) Therefore, a further purpose of the notice provisions is to provide the local government with timely notice of the alleged liability so that the potential liability may be taken into consideration in planning their budget. *Lane v. Chicago Housing Authority* (1986), 147 Ill. App. 3d 876, 877, 498 N.E.2d 604; *Whitney*, 155 Ill. App. 3d at 718.

■ Our supreme court has frequently held that since the Tort Immunity Act is in derogation of the common law action against local public entities, the Tort Immunity Act must be strictly construed against public entities. (*Rio*, 104 Ill. 2d at 362; *Reynolds*, 48 Ill. 2d at 342.) Our supreme court has also held that because of the Tort Immunity Act's position in relation to the common law, a liberal interpretation of that Act is necessary, since a more restrictive interpretation could lead to absurd, inconvenient or unjust consequences. (*Reynolds*, 48 Ill. 2d at 343.) It would be unreasonable to presume that the legislature intended an absurd or unjust result. Therefore, the *Reynolds* court ruled that it would adopt a construction which it reasonably presumed was contemplated by the legislature. *Reynolds*, 48 Ill. 2d at 342.

■ There is a continual trend in Illinois courts that strongly illustrates that justice would be best served by a liberal interpretation of the Tort Immunity Act requiring only substantial compliance with the Act. Furthermore, section 8—102 was amended by the General Assembly in 1973, increasing the notice period from six months to one year. (Pub. Act 78—201, eff. Oct. 1, 1973.) In amending section 8—102 in 1973, the General Assembly added the words "in substance" in order to "ameliorate the harshness caused by the rigid application" of section 8—102. (*Rio*, 104 Ill. 2d at 366.) In order to substantially comply with section 8—102 of the Tort Immunity Act, each element required under the Act must be included in the written notice and each element must be sufficiently clear and accurate so as not to mislead or prejudice the public entity. (*Lando v. City of Chicago* (1984), 128 Ill. App. 3d 597, 600, 470 N.E.2d 1172.) In *Reynolds* (48 Ill. 2d at

340), our supreme court used a liberal interpretation of the statute when it concluded that service by registered mail, return receipt requested, satisfied the notice requirement of personally serving in the office of the secretary or clerk a written statement.

In *Saragusa* (63 Ill. 2d 288) and *Dunbar* (64 Ill. 2d 230), the plaintiffs' complaints were dismissed for failure to serve the respective local public entities with proper notice pursuant to section 8—102 of the Tort Immunity Act. Our supreme court held that although plaintiffs failed to comply with section 8—102, dismissal was not warranted since the complaints were filed within six months of the injury. *Saragusa*, 63 Ill. 2d at 292; *Dunbar*, 64 Ill. 2d at 237. See also *Oliver v. City of Chicago* (1985), 137 Ill. App. 3d 958, 960, 485 N.E.2d 428.

In *Rio* (104 Ill. 2d at 366), the court concluded that substantial compliance with section 8—102 of the Tort Immunity Act was sufficient where the complaint was filed within one year of the injury even though the complaint failed to include the claimant's address. The court reasoned that the purpose of requiring the address of the claimant in the notice is to serve as a means for the defendant to contact the claimant, and since the complaint included the name and address of plaintiff's attorney, substantially all of the required information was set forth and the plaintiff's attorney could be contacted regarding the case. *Rio*, 104 Ill. 2d at 367.

In *Thomas v. Davenport* (1990), 196 Ill. App. 3d 1042, plaintiff's complaint was dismissed for failure to file the notice within the one-year statutory notice period pursuant to section 8—102 of the Tort Immunity Act. In that case we concluded that the notice filed six months after plaintiff *discovered* his injury was timely. *Thomas*, 196 Ill. App. 3d at 1045.

We recently addressed the issue presently before this court in *Stewart v. County of Cook* (1989), 192 Ill. App. 3d 848, 549 N.E.2d 674. In *Stewart*, the defendant alleged that the notice failed to meet the date requirement of section 8—102 of the Tort Immunity Act where the notice stated that plaintiff's surgery occurred on September 24, 1983, when it actually occurred on September 30, 1983. In that case we reasoned that an inaccuracy regarding certain elements required by section 8—102 would invalidate the notice when the public entity is misled or prejudiced by the misstatement of the element. (*Stewart*, 192 Ill. App. 3d at 854. See also *Lando*, 128 Ill. App. 3d at 600.) However, the record in that case did not reveal that the defendants were prejudiced or misled by the plaintiff's misstatement of the date of the surgery in his notice by six days. Therefore, we concluded that plaintiff's notice substantially complied with the requirements of

section 8—102 of the Tort Immunity Act. *Stewart*, 192 Ill. App. 3d at 855.

■ It is clear from the aforementioned case law that there has been an erosion of the strict compliance with the notice requirements set forth in *Ouimette v. City of Chicago* (1909), 242 Ill. 501. In addition to the amendment of 1973, the legislature completely repealed section 8—102 effective September 26, 1986. (Pub. Act 84—1431, eff. November 25, 1986.) However, prior to the repeal of section 8—102, we concluded that the statute was to be liberally construed in determining whether an element as set forth is reasonably sufficient to satisfy the statutory requirement so that the public entity has not been misled or prejudiced. (*Whitney*, 155 Ill. App. 3d at 717; *Lando*, 128 Ill. App. 3d at 600.) We further concluded that where no prejudice has occurred the notice is sufficient. (*Whitney*, 155 Ill. App. 3d at 717; *Lando*, 128 Ill. App. 3d at 600.) In the present case, there was nothing in the record to suggest that the Village of Arlington Heights was misled or prejudiced by the use of the July 7, 1985, date in its notice as opposed to the July 8, 1985, date. To the contrary, the record reveals that defendant was not misled or prejudiced by the erroneous date because the defendant had knowledge of the correct date prior to receipt of the notice. Specifically, the correct date was included in documented reports of the Arlington Heights police and fire departments, which arrived at the accident scene immediately following the accident. Moreover, the correct date of injury was included in the plaintiff's notice of attorney's lien which was attached to plaintiff's notice of injury.

The record in this case does not support the granting of defendant's motion to dismiss, and under the facts of this case we cannot conclude that the one-day error listed in the plaintiff's notice of injury violates the purpose of the notice requirement of the Tort Immunity Act. Moreover, the defendant has failed to show any prejudice.

Plaintiff also argues that the Village waived its right to assert noncompliance with the notice requirements. Because of our disposition of the issue discussed, we will not address this issue. For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is reversed and the matter remanded for further proceedings.

Reversed and remanded.

BUCKLEY, P.J., and O'CONNOR, J., concur.